**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John J. SCOTT, Thomas R. Pearson and Comer Staples, Defendants-Appellants.**

**No. 17060.**

United States Court of Appeals
Seventh Circuit.

July 28, 1969.

Rehearing Denied Sept. 10, 1969.

---

Raymond J. Smith, Chicago, Ill., for defendants-appellants.

Thomas A. Foran, U. S. Atty., Lawrence T. Stanner, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee. John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before KILEY, SWYGERT and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendants were indicted for violating 18 U.S.C. § 1703: Count I charged defendant-appellant Scott; Count II charged defendants-appellants Scott and Pearson; and Count III charged defendants-appellants Scott, Pearson and Staples. The defendants were tried together before a jury and all were found guilty. From this verdict, all appeal.

The issues before this Court are whether or not joinder was proper under Rule 8(b) of F.R.Crim.P. and whether or not a severance should have been granted under Rule 14 of F.R.Crim.P.

All three defendants were postal employees in the main post office in Chi-

cago, Illinois. On October 27, 1965, a postal inspector positioned on top of an elevator shaft observed defendant Scott, an elevator operator, remove mail pouches filled with coin from a flat truck and hide them in an empty cart on the elevator. Scott pushed the flat truck off on the second floor where it belonged and took the cart up to the fourth floor where he was observed by another inspector. Later Scott removed the cart from the fourth floor to the third floor, which is a storage floor. There is no evidence of what happened after the cart was pushed off on the third floor since no inspector was present. This evidence is the basis for Scott's indictment and conviction under Count I.

On November 5, 1965, a postal inspector, again observed defendant Scott remove coin pouches from a flat bed truck on the elevator and place them in a cart. The flat truck was pushed off the elevator on the second floor, and the cart was taken off on the third floor and hidden among the other carts located there. Later an inspector saw defendant Scott return to the third floor where he met defendant Pearson. While Scott read a newspaper, defendant Pearson unloaded the cart containing the coin pouches and hid them. The pouches were not recovered. This evidence supports the indictment and conviction of defendants Scott and Pearson under Count II.

On November 8, 1965, another inspector observed defendant Scott remove mail pouches from a flat truck on the elevator and place them in a cart. Scott moved the elevator to the third floor where defendant Pearson removed the cart from the elevator and pushed it out of the view of the inspectors located there. Pearson then left the area. An hour later defendant Staples pushed a cart containing equipment into the area where the cart with the coin pouches was located. Staples hid the coin pouches on the floor amidst the bags of equipment taken from the other cart and left the area. Inspectors kept the pouches in sight until November 13, 1965, when they observed Staples return. Staples picked up the

pouches and put them in a cart. He pushed the cart toward the elevator and disappeared. When he returned and began pushing the cart in the opposite direction, he was arrested. The pouches he had in his possession contained coin. This evidence is the basis for the indictment and conviction of Scott, Pearson and Staples under Count III.

Rule 8(b) of F.R.Crim.P. provides:

Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Under Rule 8(b) defendants may be joined together in the same indictment under two conditions: one, if they participated together in the same "act or transactions * * *;" or two, if they participated "in the same series of acts or transactions * * *." It is clear that the defendants here did not participate in the same act or transaction.

██ It is not necessary that defendants be charged with conspiracy. Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960), is inapplicable to this case. In *Schaffer* the

[F]our petitioners did not participate in one act or transaction as evidenced by the fact that the proof of conspiracy utterly failed. The other acts or transactions charged were not in the same "series," within the meaning of Rule 8(b). Douglas, J. dissenting. Id. at 520, 80 S.Ct., at 950.

It is for this reason that without the conspiracy count, joinder under Rule 8(b) would have been improper in *Schaffer*.

██ If defendants' acts were part of a series of transactions, it is not necessary under Rule 8(b) that all the defendants need to be charged in the same count nor need the evidence show that each defend-

ant participated in the same act or transaction. Kivette v. United States, 230 F.2d 749 (5th Cir. 1956). It must only be shown that each act or transaction was part of a series of acts or transactions and that each defendant participated in the series of transactions.[1]

The question then before this Court is whether the defendants participated in the same series of transactions. The test of whether the acts of the defendants are part of a series of transactions depends on the existence of a common plan. Wiley v. United States, 277 F.2d 820 (4th Cir. 1960). This standard has been incorporated in the ABA Standards Relating to Joinder and Severance. Rule 1.2 (c) (1) provides:

1.2 Joinder of defendants.

Two or more defendants may be joined in the same charge:

\* \* \* \* \* \*

(c) when, even if conspiracy is not charged and all of the defendants are not charged in each count, it is alleged that the several offenses charged:

(1) were part of a common scheme or plan. \* \* \*

In Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894), the Supreme Court concluded that joinder of similar offenses was proper where "There was such close connection between the two killings, in respect of time, place, and occasion, that it was difficult, if not impossible to separate the proof of one charge from the proof of the other." 151 U.S. at 404, 14 S.Ct. at 413. In Scheve v. United States, 87 U.S.App.D.C. 289, 184 F.2d 695 (1950), the court seems to apply the test of *Pointer* to Rule 8(b). However, such test seems more applicable under Rule 8(a) as to joinder of offenses. Rather, under Rule 8(b) a conclusion that acts were part of a common plan should

be based on such factors as whether the transactions have occurred in the same place, within a short period of time and using the same modus operandi. Cf. United States v. Spector, 326 F.2d 345 (7th Cir. 1963); United States v. Varelli, 407 F.2d 735 (7th Cir. 1969).

■ Applying the test to the facts of this case, we conclude that the transactions were part of a common plan. On the first night the inspectors were not prepared to follow Scott to the third floor and, therefore, they were unable to witness what happened to the coin. The second night the investigators were stationed on the third floor but were unable to follow the pouches when they were taken out of the range of observation without themselves being seen. Only in the third transaction were they able to witness all the acts and participants. Certainly, there is sufficient connection such that it may be concluded that all acts were part of a common plan. Therefore joinder was proper under Rule 8(b).

■ Rule 14 provides:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Rule 14 only applies where joinder under Rule 8 was initially proper. Under Rule 14, the trial judge in his discretion may grant a severance where the defendants may be prejudiced by joinder. Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). There is no evidence that defendants were prejudiced by a joint trial: the jury could easily keep the evidence as to each defendant

---

1. The defendants rely heavily on this Court's opinion in United States v. Gougis, 374 F.2d 758 (7th Cir. 1967). In *Gougis* a co-defendant, Phillips, testified against Gougis and no objection was made because both Gougis and Phillips were represented by the same counsel.

The Court held that Gougis was prejudiced by joinder because it prevented effective assistance of counsel, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and we find no support therein.

separate. The evidence was simple and the transactions were easily connected. Petitioners fail to show any evidence of prejudice and, therefore, we conclude that the judge did not abuse his discretion in denying a severance.

Affirmed.