**UNITED STATES of America**

v.

**Michael GRASSO, Jr., et al.**

**Crim. No. 72–181.**

United States District Court,
E. D. Pennsylvania.

May 5, 1972.

---

Malcolm L. Lazin, Asst. U. S. Atty., Philadelphia, Pa., for the Government.

Alan J. Davis, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Michael Grasso, Jr.

A. Charles Peruto, Lorch, Ryan, Peruto & Vitullo, Philadelphia, Pa., for Mario Tropea.

F. Emmett Fitzpatrick, Jr., Fitzpatrick & Smith, Philadelphia, Pa., for Jonathan Tori.

Jacob Kossman, Philadelphia, Pa., for Rocco Molinari.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court are the defendants' motions for severance, pursuant to Fed.R.Crim.P. 8(b) and 14, 18 U.S.C.

There are ten counts in the Indictment involved in this case. Each of the ten counts charges a separate offense of making and causing to be made, false, fictitious, and fraudulent statements or representations to the Federal Housing Administration. (F.H.A.) [1] The ten alleged offenses involve sixteen offenders, four of whom are indicted and twelve of whom are unindicted. The unindicted persons are the purchasers of the properties named in the indictment.

The Indictment charges that in the sale of seven (7) homes, false, fictitious, and fraudulent statements were submitted to the F.H.A. as to the following:

1. The mortgagors' assets, liabilities and income.

2. That the mortgagors had incurred no other indebtedness except for the mortgage arising out of the F.H.A. insured home.

Michael Grasso, Jr. (Grasso) is named in Counts 1, 2, 7 and 8. Jonathan Tori (Tori) is named in Counts 1, 3, 4, 5, 7 and 9. Rocco Molinari (Molinari) is named in Counts 1, 2 and 9. Marieo Tropea (Tropea) is named in Counts 6, 7 and 10.

The defendants Grasso and Tori were principals in the Grasso-Tori Real Estate Company, and the defendants Molinari and Tropea were employees of said company.

Counts 1 and 2 are related to the sale of the property located at 2326 South Beulah Street in January of 1969. Counts 3 and 4 are related to the sale of the property located at 1644 South 4th Street in June and July of 1970. Counts 5 and 6 are related to the sale of the property located at 2140 Watkins Street in January of 1970. Count 7 is related to the sale of the property located at 2525 South Beulah Street in February and March of 1970. Count 8 is related to the sale of the property located at 2525 South Franklin Street in October, November, and December of 1969. Count 9 is related to the sale of the property located at 2340 Mountain Street in September and October of 1970. Count 10 is related to the sale of the property located at 325 Wharton Street in March and April of 1970.[2]

In short, the defendants have been charged either individually or jointly with making and causing to be made false, fictitious and fraudulent statements or representations to the F.H.A. with respect to seven (7) properties over a period of approximately 1 year and 10 months.

1. 18 U.S.C. § 1010 provides as follows:
"Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Department of Housing and Urban Development for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Department, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Department, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined not more than $5,000 or imprisoned not more than two years, or both."

2. All of the properties are located in the City of Philadelphia, Pennsylvania.

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

"Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are *alleged to have participated* in the same act or transaction or *in the same series of acts or transactions constituting an offense or offenses.* Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count." (Emphasis supplied.)

 If the joinder attempted does not fall within the limits of Rule 8(b), severance *must* be granted. United States v. Gougis, 374 F.2d 758 (7th Cir. 1967); Metheany v. United States, 365 F.2d 90 (9th Cir. 1966); King v. United States, 355 F.2d 700 (1st Cir. 1966); Ingram v. United States, 272 F.2d 567 (4th Cir. 1959).

 Merely because the defendants all worked out of the same real estate office and that they are charged with the same or similar violations of law is not a basis in and of itself for joint trial. The test of whether the acts of the defendants are part of a series of acts or transactions depends on the existence of a common plan. United States v. Scott, 413 F.2d 932 (7th Cir. 1969), cert. denied, 396 U.S. 1006, 90 S. Ct. 560, 24 L.Ed.2d 498 (1970). The offenses must arise out of the same transaction or be connected together. Metheany v. United States, *supra.* The defendants must have "participated

. . . in the same series of acts or transactions . . . ."[3] A "series" is something more than mere "similar" acts. King v. United States, *supra.* The common activity must constitute a substantial portion of the proof of the joined charges. United States v. Roselli, 432 F.2d 879 (9th Cir. 1970), cert. denied 401 U.S. 924, 91 S.Ct. 883, 27 L. Ed.2d 828 (1971). The conduct upon which each of the counts is based must be part of a factually related transaction or series of events in which all the defendants participated. United States v. Leach, 429 F.2d 956 (8th Cir. 1970), cert. denied 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971).

 The Indictment here, manifests at best a series of separate and unconnected offenses. *See,* McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355 (1896); Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); United States v. Goss, 329 F.2d 180 (4th Cir. 1964).

The Court concludes that the joinder of the defendants in a single indictment is beyond the permissible limits of Rule 8(b).[4] Since the joinder was not authorized under the Rule, the Court does not reach the question of whether severance should be granted in the exercise of discretion under Rule 14 by reason of prejudicial joinder. The improper joinder itself constitutes prejudice. McElroy v. United States, *supra;* Ingram v. United States, *supra.*

---

3. Fed.R.Crim.P. 8(b), 18 U.S.C.

4. Defendants Grasso and Tori have moved for severance pursuant to Rule 8(b) and

14. The defendant Tropea has moved for severance pursuant to Rule 14. The defendant Molinari has not made any motion for severance.