**UNITED STATES of America**
**v.**
**Carolyn S. McDANIELS et al.**

**UNITED STATES of America**
**v.**
**Gladys FASCIO et al.**

**UNITED STATES of America**
**v.**
**Deola R. RICHARDSON and**
**Theresa Robinson.**

**UNITED STATES of America**
**v.**
**Eartha ST. ANN et al.**

**UNITED STATES of America**
**v.**
**Deola R. RICHARDSON.**

**UNITED STATES of America**
**v.**
**Audrey Lee DELAIR et al.**

**UNITED STATES of America**
**v.**
**Maxine SMITH et al.**

**UNITED STATES of America**
**v.**
**Wilhemenia BROWN.**

**UNITED STATES of America**
**v.**
**Lorchid GOFF.**

**UNITED STATES of America**
**v.**
**Evelyna BANNISTER.**

**UNITED STATES of America**
**v.**
**Diane EVANS.**

**UNITED STATES of America**
**v.**
**Ella Rita SANCHEZ.**
**Crim. Nos. 72-330 to 72-340, 72-342.**

United States District Court,
E. D. Louisiana.
Oct. 24, 1972.

Robert Livingston, Asst. U. S. Atty., for the United States.

Richard B. Sobol, Washington, D. C., for defendants in Crim. Nos. 72–330, 332 to 335, 337, 338, 340 and 342 and for defendants other than Althea Oates in Crim. No. 72–331.

Louis Gerdes, New Orleans, La., for Althea Oates.

Charles Garretson, New Orleans, La., for Anna Jones Perkins.

Joseph A. Barreca, New Orleans, La., for Christine Walker.

Nils Douglas, New Orleans, La., for Lorchid Goff.

ALVIN B. RUBIN, District Judge:
## OPINION ON DEFENDANTS' MOTION TO CONSOLIDATE

Twelve cases have been consolidated for the hearing of pre-trial motions. Some of the defendants moved to consolidate six of these cases for trial, into two groups of three each. The combinations sought are:

### Group I.

| Criminal Action Nos. | Defendants |
| --- | --- |
| 72–330 | Deola R. Richardson, Clyde Jacquet, Carolyn S. McDaniels, Thelma L. Jones |
| 72–331 | Deola R. Richardson, Clyde Jacquet, Sharon Morgan, Doris Augustine, Gladys Fascio, Althea Oates |
| 72–334 | Deola R. Richardson |

### Group II.

| | |
| --- | --- |
| 72–332 | Deola R. Richardson, Theresa Robinson |
| 72–333 | Deola R. Richardson, Eartha Brown, Eartha St. Ann |
| 72–335 | Audrey Lee Delair, Eartha St. Ann, Samaria Justine Lambert, Valencia L. Smith, Brenda Cryer |

Each Group would include eight defendants. The Group I trials would involve two conspiracies charged as 30 separate substantive offenses—a total of 24 counts—while the Group II trials would involve three conspiracies charged separately—32 separate substantive offenses totaling 24 counts.

Defendants urge consolidation on the following grounds: the prosecutions involve allegations of "identical related conduct," charged under the same feder-

al statutes; the time span of the conspiracies and substantive acts charged in each case are virtually the same; it is likely that many of the witnesses in each case will be the same and that much of their testimony will be repetitious; the same defenses [as yet undisclosed] will be developed; the court will be called on to make the same rulings; and the instructions to the jury will be the same. Consolidation will enable counsel to concentrate their efforts and provide a more effective defense.

Further, the consolidation would:

A. Reduce the number of trials involving these two groups from six to two.

B. Only one instead of three defendants would face multiple trials.

C. Mrs. Richardson would face two trials instead of five.

Each argument requires separate examination.

Rule 13, F.R.Cr.P., permits the Court to order two or more indictments to be tried together "if the offenses, and the defendants if there is more than one, could have been joined in a single indictment . . . .", Rule 8(b) determines when two or more defendants may be charged in the same indictment: "if they are alleged to have participated in the *same* act or transaction or in the *same* series of acts or transactions constituting an offense or offenses." (Emphasis supplied.)

■ When, as here, more than one defendant is involved, the only applicable test for joinder is Rule 8(b). United States v. Eagleston, 10 Cir. 1969, 417 F. 2d 11, Williams v. United States, 8 Cir. 1969, 416 F.2d 1064, 1068; 1 Wright, Federal Practice and Procedure, Criminal, §§ 143, 144, pp. 313, 318 (1969) (hereinafter "Wright").

■ Rule 8(b) speaks of an allegation of joint participation in the acts or transactions constituting the offense or offenses, but it is not necessary to satisfy its terms that the allegation actually be made. It is enough if, on the facts, a single indictment covering all the defendants could properly have been drawn. United States v. Florio, E.D.N. Y.1970, 315 F.Supp. 795, 796–797 (nexus provided by bill of particulars); Griffin v. United States, 5 Cir. 1960, 272 F.2d 801, 802–803; United States v. Roselli, 9 Cir. 1970, 432 F.2d 879, 899, 900; 1 Wright at § 144, p. 325. Separate indictments can be tried together under Rule 13, therefore, not only if they patently satisfy Rule 8(b) but if, given the facts, the charges could have been written in a way that would meet the requirements of Rule 8(b).

■ Rule 8(b) also permits a conspiracy count against *all* of the named defendants to be joined with substantive offenses, each against less than all the defendants, if the substantive offenses arose out of the conspiracy. Schaffer v. United States, 1960, 362 U.S. 511, 514, 80 S.Ct. 945, 4 L.Ed.2d 921; James v. United States, 5 Cir. 1969, 416 F.2d 467, 474.

■ Moreover, if defendants are charged jointly with a conspiracy and with substantive acts, the joinder is proper even if the jury acquits on the conspiracy count, the trial court dismisses the conspiracy count for lack of evidence, or the conspiracy count is reversed by an appellate court. Cacy v. United States, 9 Cir. 1961, 298, F.2d 227, 228–229 (jury acquittal); Schaffer v. United States, 1960, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (dismissed for want of evidence); Stern v. United States, 2 Cir. 1969, 409 F.2d 819 (same); Fernandez v. United States, 9 Cir. 1964, 329 F.2d 899, 905–906 (appellate reversal). Thus, the permissibility of joinder depends not on the fact of joint participation in a conspiracy by all of the defendants but on whether such an allegation could reasonably have been made. Cf. San Diego Bldg. Trades Council v. Garmon, 1959, 359 U.S. 236, 246, 79 S.Ct. 773, 3 L.Ed.2d 775.

Finally, the Court of Appeals for the Fifth Circuit has held that the Rule's joinder provisions "should not be interpreted in a technical or legalistic sense", but rather with a view toward its purpose of avoiding repetitious proof in separate trials. Tillman v. United States, 5 Cir. 1969, 406 F.2d 930, 934.

Essentially, it is defendants' contention that the separate conspiracies charged in Nos. 72–330 and 72–331 could have been charged in one conspiracy in a single indictment, together with substantive offenses charged in Nos. 72–330, 72–331 and 72–334, and that the separate conspiracies charged in Nos. 72–332, 72–333 and 72–335 could have been charged in a single conspiracy, together with the substantive counts alleged in those three indictments.

■■■ But the defendants who are alleged to have conspired with Mrs. Richardson and Mrs. Jacquet in 72–330 and 72–331 are not alleged to have acted jointly with each other. While it is settled conspiracy law that all of the conspirators need not have contact with or even knowledge of the identity of all the other conspirators, so long as each conspired with common conspirators in a joint plan, (See Blumenthal v. United States, 1947, 332 U.S. 539, 556–557, 68 S.Ct. 248, 92 L.Ed. 154; Developments in the Law, Criminal Conspiracy, 72 Harv.L.Rev. 920, 927–28) it is necessary that there be some evidence that there was in fact a joint or common plan before joinder can be effected under 8(b).

■■■ The offenses must arise out of the same transaction or be connected. Metheany v. United States, 9 Cir. 1966, 365 F.2d 90. The conduct upon which each of the counts is based must be part of a factually related transaction or series of events in which all the defendants participated, though not all of the defendants need participate in every act constituting the offense or offenses. United States v. Leach, 8 Cir. 1970, 429 F.2d 956, cert. denied 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151. And

even then, the common activity must constitute a substantial portion of the proof of the joined charges or joinder must fail. United States v. Roselli, 9 Cir. 1970, 432 F.2d 879, cert. denied 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828. The fact that the defendants in 72–330 and 72–331 are charged with the same or similar violations of the law based on conduct taking place during the same time span is not a basis in and of itself for a joint trial. See United States v. Grasso, D.C.1972, 55 F.R.D. 288, 291.

The situation presented here is much the same as if A, B and C were charged with a conspiracy to rob Y Bank during the period September 1–15, 1972, and with the substantive crime of bank robbery on September 15, while, by separate indictment, A, B and D are charged with a conspiracy to rob Y Bank during the period September 1–15, 1972, and with the substantive crime of bank robbery on September 14. The offenses charged would be unconnected, not properly joinable. The government might fail in its burden of proof, and the defendants might be acquitted. Or it might develop at the trial that in fact there was one joint plan by A, B, C and D to commit two bank robberies. In that event, the charges of two separate conspiracies might fail. But the trial of the hypothetical charges would properly be separate and distinct.

■■■ The propriety of a joint trial must be determined on the facts presently available. These do not show that the defendants in the separate cases sought to be consolidated are charged with "identical related conduct" but only that they are charged with committing like crimes involving the names of other applicants during the same general span of time. Without additional factual data, the court can neither assume that there was a joint plan nor that the government will try to prove one.

In No. 72–330 and 72–334, Mrs. Richardson and Mrs. Jacquet are charged with conspiring with two other defend-

ants in a scheme to use the United States mails to receive money fraudulently from the Louisiana Department of Welfare in the period October 7, 197[0] [1] to March 15, 1972. In No. 72–331, the same two defendants are charged with conspiracy with four other named defendants to accomplish the same crime in the period October 7, 1970 to February 15, 1972. The evidence adduced at the hearing on the motion to require handwriting exemplars tends to indicate that the offenses charged in these two indictments involve different applications for assistance in different names and different alleged forged endorsements.

In 72–334, where Mrs. Richardson is charged alone, there is no conspiracy allegation, but Mrs. Richardson is charged with substantive offenses that appear to have arisen out of the conspiracies separately alleged in 72–330 and 72–331. Compare Count I, ¶ 2(B), No. 72–330, with Counts V and VI, No. 72–334; Count I, ¶ 2(A), No. 72–331, with Counts III and IV, No. 72–334. It may well be that, by agreement, the counts against Mrs. Richardson that relate to one case could be severed from those relating to the other case, and those counts consolidated with the respective cases, but no motion to this effect has been urged, and the court doubts its authority to order such a division.

■ The defendants contend that the grand jury could easily have charged one conspiracy involving all of the defendants in 72–330 and 72–331, together with the substantive counts charged in the three indictments. Whether or not the evidence would support such a charge is unknown to the court. If a single conspiracy had been charged, it would have been necessary for the prosecution to prove that only one conspiracy existed, and proof of two separate conspiracies involving different parties would have required acquittal. Stirone

v. U. S., 361 U.S. 212, 213–214, 80 S.Ct. 270, 271, 272–273, 4 L.Ed.2d 252; Berger v. United States, 1934, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. It is not for the court then to say, a priori, that there must have been evidence of one conspiracy.

Nor does this lodge absolute control over the form of trial in the government and the grand jury. The government and the grand jury have charged certain discrete crimes. The defendants may well urge that, whatever they have done, they have not committed the crimes charged.

■ Like considerations apply to the requested consolidation of Nos. 72–332, 72–333 and 72–335. In Count I of each of these indictments separate conspiracies are charged. The time periods of the conspiracies alleged in 72–332, 72–333 and 72–335 are September 30, 1970 to February 15, 1972; October 6, 1970 to February 15, 1972 and May 6, 1971 to February 15, 1972, respectively. Each alleges conspiracy to use the United States mail to obtain money fraudulently from the Louisiana Department of Welfare. In 72–333, Mrs. Richardson and Mrs. St. Ann are charged as co-conspirators with one other defendant. In 72–332, Mrs. Richardson is charged with conspiracy with another defendant. In 72–335, Mrs. St. Ann is charged with conspiracy with four others. These are each charges of separate conspiracies and separate crimes.

Finally, we deal with some of the arguments of administrative convenience. While the background testimony may be the same in each case, the details must necessarily be different. Each application must be separately considered. Each check must be separately introduced. It will not be necessary (or even permissible) for *all* of the applications and *all* of the checks to be introduced repeatedly.[2] The handwriting experts

---

1. The date in the indictment is October 7, 1971, but this is a typographical error. see Count II.

2. This pretermits the question of proof of other acts for the purpose of showing knowledge, intent or plan.

will testify separately as to each individual and separately with respect to each application. No great time saving in these will result from consolidation.

Whether or not the defenses will be the same as to each defendant in each case, only the defendants' counsel knows and they perhaps cannot be certain at this time. Experienced defense counsel, like good quarterbacks, should, and do, reserve the power to call audibles even after the team is lined up for the play.

That rulings on the same legal issues may be required in various cases creates no problem. Presumably in connection with legal issues that arise at trial, like those considered in these pre-trial motions, the ruling in the first case on any issue will create a precedent in later cases. The same jury instructions may be required in each case, but, once framed, the court will be able to follow its charge in the initial case as a basic outline.

 It must be conceded that consolidation would enable defense counsel to concentrate their efforts and perhaps to provide a more effective defense. But the fact that multiple defendants have chosen to employ one set of defense counsel should not alone be reason for consolidation.

The first of the separate trials will be shorter than a single consolidated trial. It is conceivable that the verdict in the first case might affect further proceedings. For example, if the defendants in the first case are acquitted, the United States might decide not to prosecute all or some of the remaining defendants. Or, if there is a conviction, some of the defendants might alter their strategy. Finally, consolidation would in any event result in multiple trials, since it is urged only that six of twelve pending cases be consolidated.

While, on the whole, administrative convenience would likely be better served by consolidation, the jury charges would be more complex because the jury would be considering three separate indictments, and the chances of jury confusion would be greater.

The requirements of 8(b) not having been met, the considerations relating to administrative efficiency are perhaps irrelevant. (See United States v. Grasso, supra 55 F.R.D. at 291 holding that, if the joinder attempted does not fall within the limits of Rule 8(b), it *must not* be granted.) But if the court has discretion, the efficiency and administrative desirability of consolidated trials do not appear to be so great as to justify consolidation, over the objection of either party. For these reasons, the motion to consolidate is denied.