STATE OF NEW JERSEY, PLAINTIFF, v. FRED J. KROPKE, ANNA M. FLYNN, MARIE C. BAUCH, DAVID STRAUS, FLORENCE DELANEY, FRANK A. CASADONTE, BERNHARD MILLER, ESTHER GOTTESMAN, RAYMOND F. GABRIEL, CELESTE A. SMITH, ALFRED E. DWORZANSKI, JOHN PERRY AND JOSEPH HAYES, DEFENDANTS.

Superior Court of New Jersey
Law Division (Criminal)

Decided March 30, 1973.

*Mr. Gerald Miller* for defendant, Esther Gottesman (*Messrs. Miller, Hochman, Meyerson and Miller,* attorneys).

*Mr. Frank L. Holstein,* Deputy First Assistant Prosecutor, for plaintiff (*Mr. Geoffry Gaulkin,* Hudson County Prosecutor, attorney).

BOTTER, J. S. C. This is a motion by defendant Esther Gottesman, pursuant to *R.* 3:15–2(b), to sever her trial from that of codefendants named in the same indictment. Her contention of improper joinder with codefendants is gov-

erned by *R.* 3 :7--7. She also contends that such joinder has a potential for undue prejudice. See *R.* 3 :15-2.

Count 10 of a 12-count indictment charges that defendant, between June 1970 and March 1971, knowingly and wilfully obtained over $2,000 from the County of Hudson to which she was not entitled because she rendered no services to the county "sufficient to entitle" her to said monies. Count 10 also charges that Fred J. Kropke, while holding the position of chief of the Hudson County Police Department, did obtain and did counsel, aid and assist Esther Gottesman in obtaining said monies, contrary to *N. J. S. A.* 2A :135-3 and *N. J. S. A.* 2A :85-14. Each count of the indictment charges the same offenses with respect to 11 other defendants, and all charges are the same except for the dates and dollar amounts.

Based upon grand jury minutes, the State asserts that all defendants were listed as employees of the Hudson County Police Department and were on payroll records certified by defendant Kropke. The State contends that department records list three defendants as part-time employees and the remaining nine as full-time employees. Defendants held various Civil Service titles, such as traffic safety coordinator, building service worker, garage attendant, etc. Defendant Gottesman was listed as a clerk. The State contends that seven of the defendants, including Gottesman, held "no-show" jobs, in that they performed no services for the Hudson County Police Department. The State will seek to prove that the remaining defendants performed minimal services for the department, not commensurate with the salary received.

Allegedly, each defendant signed county personnel application forms (described as "CS-6" forms), and defendant Kropke countersigned such forms. These were filed with the appropriate officials, so that the county treasurer's office did in fact issue county payroll checks every two weeks to the defendants during various periods of time. Testimony before the grand jury indicates that while some defendants picked

up their pay checks personally, others received theirs either by mail or from one of Kropke's assistants or from Kropke himself.

The State has made no showing on this motion, after being given the opportunity, that there will be any proof of conspiracy or collaboration between defendant Gottesman and any other codefendant, except Kropke. From statements of her attorney, it appears that Mrs. Gottesman's husband had performed services for the Hudson County Police Department for many years before his death. However, there has been no showing that Mrs. Gottesman knew any of the other defendants, other than Kropke, or was aware that they were receiving money from the county.

*R*. 3:7–7 provides as follows:

Two or more defendants may be charged in the same indictment or accusation if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. * * * Relief from prejudicial joinder shall be afforded as provided by *R*. 3:15–2.

This rule has not been interpreted in any reported decision in this State in a case comparable to the one at hand. In *State v. Manny*, 26 *N. J*. 362 (1958), defendants were separately indicted in connection with three transactions, each involving extortion of money from bidders on three municipal contracts. The court held that even though the separate indictments did not charge joint participation, they could still be consolidated for trial where the bills of particulars alleged concerted action in the commission of the crimes. The court noted that the "identity of the acts or transactions" may appear from a comparison of the charges in the indictments and that "participation" of defendants in the "same acts or transactions" may be shown also by evidence outside the indictments themselves. 26 *N. J*. at 367–368.

In the case at hand there is no showing that defendant Gottesman performed any act in concert with any codefendant other than Kropke. Nor is there any indication that her involvement with Kropke was an aspect of a larger common scheme necessarily involving the codefendants. Whatever crimes she and Kropke may have committed appear to have been committed by conduct entirely independent of the conduct of the codefendants.

R. 3:7–7 requires joint participation in "the same act or transaction or in the same series of acts or transactions" as the basis for joining several defendants in a single trial. An identity of acts or transactions and joint participation would appear to be the interpretation given by our Supreme Court in *State v. Manny, supra,* at 367–368. This comports with numerous federal cases which have interpreted the identical provision, *Federal Rule of Criminal Procedure* 8(b), to require severance in cases such as this.

Although a conspiracy need not be charged if the link between defendants is shown (*United States v. Scott,* 413 F. 2d 932, 934 (7 Cir. 1969), *cert.* den., 396 *U. S.* 1006, 90 S. Ct. 560, 24 L. Ed. 2d 498 (1970)), and allegation of conspiracy gives the joinder at least prima facie justification. Of course, the allegation must be made in good faith. *United States v. Donaway,* 447 F. 2d 940, 943 (9 Cir. 1971). The absence of a conspiracy charge places the burden on the government to show some connection between the parties or transactions. *King v. United States,* 355 F. 2d 700, 704 (1 Cir. 1966). Where no general conspiracy is alleged, and separate transactions, not part of a common scheme or series of interrelated events, are connected only by the presence of a common participant, a severance must be granted. *Kotteakos v. United States,* 328 *U. S.* 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946) ; *United States v. Varelli,* 407 F. 2d 735 (7 Cir. 1969), *cert.* den. *Saletko v. United States,* 405 *U. S.* 1040, 92 S. Ct. 1311, 31 L. Ed. 2d 581 (1972) ; 8 *Moore, Federal Practice, Rules of Criminal Procedure,* (2d ed. 1969), § 8.06[2]. See also, *United States v. Hutul,* 416

418

*F.* 2d 607 (7 Cir. 1969), *cert.* den. 396 *U. S.* 1012, 90 S. Ct. 573, 24 L. Ed. 2d 504, reh. den. 397 *U. S.* 1081, 90 S. Ct. 1519, 25 L. Ed. 2d 820 (1970); *United States v. Jorgenson,* 451 *F.* 2d 516 (10 Cir.), *cert.* den. 405 *U. S.* 922, 92 S. Ct. 959, 30 L. Ed. 2d 793 (1972).

██ In other words, to properly join several defendants, each must be charged with participation in the identical transaction or in a series of interrelated transactions, constituting an offense or offenses, in which other defendants have participated at least to some degree, whether or not all have joined in a conspiracy as well. *United States v. Eagleston,* 417 *F.* 2d 11 (10 Cir. 1969); *Metheany v. United States,* 365 *F.* 2d 90 (9 Cir. 1966); *Ward v. United States,* 110 U. S. App. D. C. 136, 289 *F.* 2d 877 (1961); *King v. United States, supra; United States v. Scott, supra;* see also, *Williams v. United States,* 416 *F.* 2d 1064 (8 Cir. 1969). Separate conspiracies which are necessarily part of a larger common goal, such as violations of the gambling laws, can be joined, because participation of others is implicit in that type of crime. *James v. United States,* 416 *F.* 2d 467 (5 Cir. 1969), *cert.* den. 397 *U. S.* 907, 90 S. Ct. 902, 25 L. Ed. 2d 87 (1970). Also, it has been suggested that joinder would be proper where some defendants are charged with transporting stolen goods while others are charged with receiving the goods. See *King v. United States, supra,* 355 *F.* 2d at 704.

In *Kotteakos v. United States, supra,* a number of defendants were tried for conspiracy to obtain loans insured by the F. H. A. on the basis of false and fraudulent information. The trial court found that there were at least eight or more separate groups made up of various defendants, none of which had any connection with each other, although all dealt with one broker, Simon Brown, for placing the loans. There was proof that each group had independently conspired with Brown to falsely obtain F. H. A. backing, but there was no proof that any of the groups acted in concert with each other. Despite such a finding, the lower courts held that it was not prejudicial error to try

the various conspiracies together. The Supreme Court, however, reversed. It found that the interests of the defendants were adversely affected by the joinder. The Court said:

\* \* \* Numbers are vitally important in trial, especially in criminal matters. Guilt with us remains individual and personal \* \* \*. It is not a matter of mass application. \* \* \*

Here toleration went too far. We do not think that either Congress \* \* \* or this Court \* \* \* intended to authorize the Government to string together, for common trial, eight or more separate and distinct crimes, conspiracies related in kind though they might be, when the only nexus among them lies in the fact that one man participated in all. \* \* \* The dangers for transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise, are so great that no one really can say prejudice to a substantial right has not taken place. [328 *U. S.* at 772–774, 66 S. Ct. at 1252]

The rule in *Kotteakos* was implicitly accepted by the majority of the court in *Schaffer v. United States,* 362 *U. S.* 511, 80 *S. Ct.* 945, 4 *L. Ed.* 2d 921 (1960), and was explicitly applied by the minority in interpreting *F. R. Cr. P.* 8(b). In that case, two defendants named Schaffer, and three defendants named Stracuzza, were charged in one count with transporting stolen wearing apparel from New York to Pennsylvania. A second count charged defendant Marco and the Stracuzzas with transporting similar stolen goods from New York to West Virginia. In count three defendant Karp and the Stracuzzas were charged with like shipments from New York to Massachusetts. A fourth count charged all defendants with a conspiracy to commit the substantive offenses named in the separate counts. At the end of the government's case the conspiracy count was dismissed for lack of proof. The issue on appeal was whether the trial court erred in not severing the trial at that point on grounds of prejudicial joinder.

The court found that the initial joinder was proper under *Rule* 8(b), given the conspiracy count in the indictment. The court held, 5 to 4, that the defendants who were unrelated to each other were not prejudiced by the failure of the court to grant a severance after the conspiracy count

was dismissed. Although the three Stracuzzas were "the common center" of the scheme to transport the stolen goods (362 *U. S.* at 514, 80 S. Ct. 945), since each of the remaining defendants was involved in separate interstate shipments, the court assumed that joinder in the first place without a charge of conspiracy or joint participation would have been improper. Once properly joined, however, the majority refused to apply the mandatory severance rule retroactively so as to prevent continuation of the joint trial. See 8 *Moore, op cit.,* § 8:06[3].

It should be noted that *R.* 3:7–6 permits *joinder of offenses* against a defendant if the offenses "are of the same or similar character" or are connected together or constitute part of a common scheme or plan. *R.* 3:7–7, dealing with *joinder of defendants,* uses the phrase "the same act or transaction or in the same series of acts or transactions," but does not use the phrase "same or similar" as in *R.* 3:7–6. This serves to emphasize the need for identity or commonality of the acts, transactions or series of transactions where the State seeks to join two or more defendants in one trial. See 8 *Moore, op. cit.,* § 8.06[1], noting that the principal difference between the federal rules for joinder of offenses and joinder of defendants is "the elimination of joinder of offenses of 'the same or similar character' " in the rule providing for joinder of defendants. Moreover, *R.* 3:7–6 has been interpreted to mean that even when a single defendant commits several similar offenses which are not part of a common scheme or plan, a motion for severance normally should be granted to avoid the prejudice of trying a defendant at one time on two unconnected crimes. *State v. Harris,* 105 *N. J. Super.* 319 (App. Div. 1969); see also, *State v. Baker,* 90 *N. J. Super.* 488 (App. Div. 1966), rev'd 49 *N. J.* 103 (1967), cert. den. 389 *U. S.* 868, 88 S. Ct. 141, 19 L. Ed. 2d 144 (1967). The potential for conveying the impression of a "bad man" by trying a defendant simultaneously for several unrelated crimes paral-

lels the potential for transference of guilt by trying several defendants together for similar but unconnected crimes.

R. 3:7–7 dictates severance in this case. The State's contention that the common "employment" relationship furnishes a nexus between the various individuals and their crimes is not sufficient for joinder. The record is devoid of any suggestion that defendant Gottesman participated in the transgressions of the others or was part of a larger, common scheme which necessarily involved participation by codefendants. Using the metaphor of *Kolteakos, supra,* 328 *U. S.* at 755, 66 S. Ct. 1239, unless a rim joins the spokes, mere connection to a single hub is insufficient to compel a joint trial. Costly and time consuming as it may be to conduct separate trials, especially when the same witnesses may have to testify repeatedly, this result is unavoidable where defendants and their transactions are wholly independent of each other.

Accordingly, the motion for severance is granted.