**UNITED STATES of America**

v.

**Henry STAFFORD et al.**

**Crim. No. 74–478.**

United States District Court,
E. D. Pennsylvania.

Oct. 7, 1974.

Robert E J. Curran, U.S. Atty., Thomas J. McBride, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

William F. Coyle, Philadelphia, Pa., for Stafford.

Thomas C. Carroll, Philadelphia, Pa., Defender Assn., for L. Hansell.

Andre L. Dennis, Philadelphia, Pa., for R. Hansell.

Patrick F. Casey, Philadelphia, Pa., for Fentress.

John J. Connors, Jr., Philadelphia, Pa., for McCants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is defendant Robert Hansell's motion for severance pursuant to Fed.R.Crim.P. 14. For reasons hereinafter enumerated, the motion will be granted.

Hansell is one of five defendants charged in a seven-count indictment with violation of 21 U.S.C. § 841. In Count I, defendant Stafford is charged with the unlawful distribution of heroin on June 27, 1974, at Norristown, Pennsylvania. Count II alleges that Stafford unlawfully distributed heroin at Conshohocken, Pennsylvania, on July 16, 1974. Defendant Lorraine Hansell is charged in Count III with aiding and abetting Stafford's alleged distribution of July 16, 1974. In Count IV, defendant Fentress is charged with the unlawful sale of narcotics on July 18, 1974, at Philadelphia. Lorraine Hansell is charged for the second time in Count V with distribution of heroin in Conshohocken on July 18, 1974. The movant herein is indicted in Count VI, also on the allegation that he unlawfully distributed heroin on July 18 at Conshohocken. Count VII charges that Stafford, Lorraine Hansell, and John McCants conspired to distribute a certain quantity of heroin on July 16, 1974. While all seven counts allege violation of 21 U.S.C. § 841, the indictment covers four separate transactions of three different days.

Defendant Robert Hansell contends that the danger of confusion of evidence and the prejudicial effect of cumulative evidence that may result from a joint trial of similar but unrelated offenses necessitates the severance of his trial from that of the other defendants. In opposition to the motion to sever, the Government asserts that the four transactions outlined in the indictment were part of an organized narcotics operation in which all of the defendants participated.[1]

Before addressing the question of whether severance is proper under the circumstances of this case, we must initially determine whether the joinder of the defendant in a single indictment is within the permissible limits of Fed.R. Crim.P. 8(b). United States v. Scott, 413 F.2d 932, 935 (7th Cir. 1969). United States v. Grasso, 55 F.R.D. 288, 291 (E.D.Pa.1972). Rule 8(b) provides.

"(b) *Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions

---

1. The instant indictment charges neither a conspiracy involving Robert Hansell nor a factual connection between the movant's alleged criminal act and those of the other four defendants. The Government's assertion of a concerted operation appears in a Memorandum of Law contra defendant's motion for severance.

constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

■■ The fact that defendants are charged with similar violations of the law is not a basis in and of itself for a joint trial. United States v. Reynolds, 489 F.2d 4 (6th Cir. 1973); United States v. Grasso, *supra*, 55 F.R.D. at p. 291. Joinder is proper only when the conduct upon which each of the counts is based is part of a factually related transaction or series of acts in which all of the defendants participated. United States v. Leach, 429 F.2d 956 (8th Cir. 1970); Metheany v. United States, 365 F.2d 90 (9th Cir. 1966). The movant is charged in Count VI with the unlawful distribution of heroin in Conshohocken on July 18, 1974. The first four counts in the indictment allege unlawful drug transactions occurring on different days and involving various other defendants. There is no factual connection on the face of the indictment between Count VI and the other counts of the indictment. (See footnote 1.) The phrase "same series of acts or transactions constituting an offense or offenses" contemplates more than similar violations within a limited time period.

■ In addition to the lack of sufficient factual connection between the alleged violations, the Court's conclusion is based on the strong likelihood of confusion of evidence in a joint trial of similar but unrelated crimes. Proof of each violation will necessarily be different and not so easily compartmentalized by the jury. The presence of a conspiracy count (in which the movant is not named) and the applicability of rules of evidence unique to a charge of conspiracy will further complicate the jury's task of separating the evidence as to each defendant.

The Court concludes that joinder of the defendants in a single indictment was improper and, accordingly, the motion for severance will be granted.