164 N.J. Super. 198 (1978)
395 A.2d 1257
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
WILLIAM MITCHELL, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 21, 1978.
Decided December 11, 1978.
*200 Before Judges LYNCH, CRANE and HORN.
Mr. Wayne J. Martorelli, Deputy Attorney General, argued the cause for appellant and cross-respondent (Mr. John J. Degnan, Attorney General, attorney).
Mr. Alvin B. Lewis, Jr., argued the cause for respondent and cross-appellant (Mr. Donald I. Bryan, Jr., attorney).
The opinion of the court was delivered by CRANE, J.A.D.
Pursuant to leave granted, the State appeals from an order of the Law Division directing the Attorney General to provide defendant, who was indicted by the state grand jury for giving false information to law enforcement agencies, in violation of N.J.S.A. 2A:148-22.1, with information pertaining to
(1) the decision to prosecute the defendant in this case,
(2) the decision to proceed by indictment in this case prior to a preliminary hearing,
(3) any standards, guidelines, policies, directives or instructions prescribing what cases or categories or types of cases shall be initiated by complaint and/or which cases shall be initiated by indictment,
(4) general information concerning the State's decision to prosecute, and
(5) the convening, swearing in and discharge of any state grand jury in existence at any time from November 1975 to and including April 1976, as well as all periods when the grand jury was in recess or temporary adjournment.
Defendant has cross-appealed from an order quashing his subpoena duces tecum for oral depositions of the Attorney General, the Director of the Division of Criminal Justice and the Superintendent of State Police.
*201 The issues raised by defendant's cross-appeal are clearly controlled by our decision in Hyland v. Smollok, 137 N.J. Super. 456 (App. Div. 1975), certif. den. 71 N.J. 328 (1976). Here, as was the case in Smollok, there has been no preliminary showing that any of the high ranking officers sought to be deposed had any first-hand knowledge of the facts or that the taking of such depositions is essential to prevent injustice.
Defendant asserts that the information required to be furnished by the order is necessary to his defense that the State has selectively and discriminatorily prosecuted him. That defense is founded upon the principle enunciated in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), that intentional discrimination in the enforcement of a criminal statute constitutes a deprivation of due process of law. See State v. Boncelot, 107 N.J. Super. 444, 453 (App. Div. 1969).
Fundamentally, a prosecutor is vested with broad discretion in selecting matters for prosecution. In re Investigation Regarding Ringwood Fact Finding Comm'n, 65 N.J. 512, 516 (1974); State v. Laws, 51 N.J. 494, 510-511 (1968), cert. den. 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968). A decision to prosecute or not to prosecute is to be accorded judicial deference in the absence of a showing of arbitrariness, gross abuse of discretion or bad faith. State v. Leonardis, 73 N.J. 360, 382, 394 (1977); State v. Bender, 159 N.J. Super. 465, 469 (App. Div. 1978); State v. Litton, 155 N.J. Super. 207 (App. Div. 1977). It is also abundantly clear that the failure to conduct a preliminary hearing does not deprive a defendant of any constitutional right, nor does it affect the validity of an indictment. State v. Smith, 32 N.J. 501, 536 (1960), cert. den. 364 U.S. 936, 81 S.Ct. 383, 5 L.Ed.2d 367 (1960); State v. Boykins, 113 N.J. Super. 594, 596 (Law Div. 1971). A preliminary hearing is not an essential part of criminal procedures. R. 3:4-3; State v. Spindel, 24 N.J. 395 (1957). Thus, defendant's attempt to learn the reason for his having *202 been indicted without a preliminary hearing having been held would not aid his defense.
The only information imparted to the trial judge in support of the application for discovery was the bare assertion that counsel had been able to find only three reported opinions dealing with prosecutions under the statute, N.J.S.A. 2A:148-22.1. We are not persuaded that such a showing is sufficient to support the extraordinary relief granted below. The rare or sporadic enforcement of a statute, standing by itself, does not demonstrate selective prosecution. Hyland v. Smollok, supra, 137 N.J. Super. at 463.
It is fundamental that the mental processes of public officials by means of which governmental action is determined is generally beyond the scope of judicial review. Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773, 82 L.Ed.2d 1129 (1938). And, documents such as internal reports and memoranda prepared by the prosecution in connection with the investigation or prosecution of a criminal action are generally not subject to discovery. R. 3:13-3(c). In situations which are analogous, a party is required to make a preliminary showing that the information sought is relevant and necessary to a fair determination of the issues. In State v. Milligan, 71 N.J. 373, 387 (1976), which deals with the identity of an informant, it was held that disclosure will only be required upon a "strong showing of need." Similarly, it has been held that the extraordinary procedure of calling back jurors for interrogation after they have been discharged should only be invoked "upon a strong showing that a litigant may have been harmed by jury misconduct." State v. Athorn, 46 N.J. 247 (1966), cert. den. 384 U.S. 962, 86 S.Ct. 1589, 16 L.Ed. 2d 674 (1966). And it has been held that the authority to take the testimony of a quasi-judicial body to inquire about alleged misconduct is limited to situations where there has been "sufficient prima facie proof." N.J. Bell Tel. Co. v. Communications Workers, etc., 9 N.J. Super. 110, 133 (App. Div. 1950), app. dism. 5 N.J. 354, 381 (1950).
*203 We are of the view that the extraordinary relief granted below constituted an unwarranted incursion upon the prosecutorial function, unsupported by any preliminary showing of improper conduct on the part of the State's representatives or any particularized need to the defendant. Accordingly, the order under review is reversed.