183 N.J. Super. 97 (1981)
443 A.2d 258
STATE OF NEW JERSEY, PLAINTIFF,
v.
WALTER W. McMAHON AND MICHAEL D'AMICO, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal), Salem County.
Decided December 16, 1981.
*99 Edgar Hathaway, Jr., Assistant Prosecutor, for plaintiff.
Charles J. Sprigman, Jr., for defendant Walter W. McMahon.
Angelo J. Falciani, for defendant Michael D'Amico.
TELSEY, J.S.C.
On May 14, 1981 an altercation occurred between D'Amico and McMahon, resulting in separate indictments against each defendant for threat to kill, aggravated assault with a deadly weapon and reckless endangerment.
Defendants have moved to consolidate both indictments for purposes of trial pursuant to R. 3:15-1(a), "Permissible Joinder," alleging that they would be prejudiced by separate trials. The rule states:
The court may order 2 or more indictments or accusations tried together if the offenses and the defendants, if there are 2 or more, could have been joined in a single indictment or accusation. The procedure shall be the same as if the prosecution were under such single indictment or accusation.
The rule authorizes permissible joinder if the two defendants could have been joined in a single indictment. In order to properly join both defendants, each must be charged with participation in a transaction which is identical to that in which the other defendant participated. State v. Kropke, 123 N.J. Super. 413 (Law Div. 1973). The acts which are the subjects of these indictments are separate and distinct from each other. Defendant McMahon wielded a knife, while defendant D'Amico brandished a rifle. They were not involved in a joint enterprise *100 or a concerted act, but instead were assaulting each other. Therefore, there is not an identical transaction present here.
Assuming, arguendo, that there was an identical transaction, separate trials here do not violate any fundamental concepts of justice. N.J.S.A. 2A:81-17.3 authorizes the prosecutor to grant immunity to a defendant for his truthful testimony. If immunity is not offered and the defendant in the second scheduled separate trial exercised his Fifth Amendment rights by refusing to testify, the first defendant tried would thereby be acquitted for lack of proofs. The acquitted defendant could then be compelled to testify in the separate trial against the second defendant, a result that would be identical if the first defendant were granted immunity. On the other hand, if both indictments were joined, neither could be compelled to testify if they both exercised their Fifth Amendment rights, and absent any other proof, both defendants would be acquitted.
The prosecutor is vested with broad discretion in selecting matters for prosecution, and his discretion is accorded judicial deference, absent a showing of bad faith, arbitrariness or a gross abuse of discretion. State v. Mitchell, 164 N.J. Super. 198 (App.Div. 1978). The prosecutor's discretionary powers include the power to prosecute if probable cause exists and the power to refrain from prosecution in the absence of good cause. State v. Hermann, 80 N.J. 122 (1979).
In this case there is no evidence of bad faith, arbitrariness or abuse of discretion by the prosecutor. On the contrary, if defendants' motion to consolidate were granted, both defendants could then exercise their Fifth Amendment rights by refusing to testify and absent any other proofs, both would be acquitted. Therefore, the prejudice to the State resulting from joinder would far outweigh the prejudice alleged by the defendants from separate trials. R. 3:15-2(b)
Defendants' motion is denied.