THERESA GOGLIA AND ANTONIO GOGLIA, PLAINTIFFS-APPELLANTS, v. JANSSEN DAIRY COMPANY, A CORPORATION OF NEW JERSEY, AND OTTO HERR, DEFENDANTS-RESPONDENTS.

Submitted February 14, 1936—Decided May 14, 1936.

For the defendant-respondent Janssen Dairy Company, *Colie & Colie* (*Runyon Colie*, of counsel).

For the plaintiffs-appellants, *William L. Greenbaum* (*Irving I. Praeger*, of counsel).

The opinion of the court was delivered by

WOLFSKEIL, J. This was an automobile accident case. No answer was filed by the defendant Otto Herr and the case

proceeded as against the defendant Janssen Dairy Company alone. The sole question before the trial court was whether the defendant Janssen Dairy Company had overcome the presumption, which arose from admission of ownership, that defendant's truck was in its possession through a servant acting within the scope of his employment at the time of the accident.

The defendant called four witnesses. The driver, Herr, testified that on the night of the accident he took the truck from the defendant's garage, drove first to his home, then to the Fourteenth street ferry and put his son on the boat in order that the latter might take a package to Herr's wife who was in the hospital, and that he was not at that time engaged in any business connected with the defendant.

The foreman of the defendant's garage, from which the truck was taken, testified that the truck was not on any of the defendant's business on that night, as did likewise the watchman. The transportation manager testified that the driver, Herr, had no authority under any circumstances to take the truck out and was not employed for that purpose. It further appeared that Herr had no driver's license at the time of the accident. The only other testimony offered was that of an officer who was produced on behalf of the plaintiffs and who said that he noticed empty bottles in the truck.

The main basis for this appeal appears to hinge on an affidavit signed by the driver, Herr, several weeks after the accident, and with which he was confronted on cross-examination. It contained statements seemingly at variance with his direct testimony. The use of this affidavit to contradict the witness was perfectly proper, but nothing that it contained was binding on the defendant. Contradictory statements are admissible solely to impeach the witness and for no other purpose. They are ineffective as direct and affirmative proof of the facts to which they relate. 28 *R. C. L.* 633; *Rhodehouse* v. *Director-General*, 95 *N. J. L.* 355.

But even if the affidavit statements had the effect of completely nullifying Herr's testimony there still remained the uncontradicted testimony of three other witnesses which

overcame the presumption of liability arising from ownership of the truck and clearly established the fact that the driver was not acting as the agent of the defendant within the scope of his authority at the time of the accident.

In this posture of the testimony, there being nothing to contradict the lack of authority, the court properly directed the verdict for the defendant. *Doran* v. *Thomsen,* 76 *N. J. L.* 754; *Okin* v. *Essex Sales Co.,* 103 *Id.* 217; *affirmed,* 104 *Id.* 181.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   13.

*For reversal*—None.