133 N.J. Super. 432 (1975)
337 A.2d 374
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JEROME PROVET, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 8, 1975.
Decided April 16, 1975.
*434 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Michael R. Klekman, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Damon R. Sedita, Assistant Prosecutor, of counsel and on the brief).
*435 The opinion of the court was delivered by BOTTER, J.A.D.
Defendant was found guilty in a jury trial of rape (N.J.S.A. 2A:138-1) and armed robbery (N.J.S.A. 2A:141-1, N.J.S.A. 2A:151-5). He was sentenced to New Jersey State Prison for a period of seven to ten years on the rape conviction, with a concurrent term of four to six years on the robbery conviction and a term of one to two years for being armed, consecutive to the sentence imposed for the rape.
Three points are raised on this appeal. The first, which was not raised below, is that the trial judge erred in charging the jury that they could consider the omission of a material factual assertion in a statement given to the police by the complaining witness only for the purpose of affecting the credibility of the witness. The second point is that the court improperly made the sentence on the conviction for being armed consecutive to the rape conviction although the indictment did not charge the commission of rape while armed but only charged the commission of robbery while armed. Lastly, it is contended that the trial judge improperly imposed a State Prison sentence rather than a sentence to the Youth Correctional Institution Complex.
The complaining witness, G.T., a 25-year-old student nurse and "minister in holiness," testified that she was robbed and raped at gunpoint by defendant. She said that she was able to see defendant's face during the course of the robbery, but that after he ordered her to unclothe he tied her dress around her head so she could not see. On cross-examination, however, she testified that during the rape she pretended that she could not breathe and that her assailant removed the dress, enabling her to observe his face thereafter. She had not testified on direct examination to the removal of the dress from around her head, nor was this included in the statement that she gave to the police one day after the rape. Referring to this omission, the trial court charged the jury as follows:
Now, evidence showing that at a prior time a witness has failed to say something which is inconsistent with the witness's testimony at *436 trial may be considered by you for the sole purpose of adjudging the witness's credibility. In other words, this may simply go to her credibility if you find that it should go to her credibility at all. * * *
At any rate, you will have to consider the importance, whether this is important and whether it does go to the witness's credibility and the extent to which it does go to the witness's credibility if you find it does go to her credibility at all.
So that the weight and the application of this prior omission, if you find it in fact to have been an omission, is for you to determine.
No exception was taken to this part of the court's charge and we are asked to consider it plain error. State v. Macon, 57 N.J. 325 (1971).
Prior to the adoption of the Rules of Evidence in September 1967 New Jersey followed the prevailing, traditional view that a prior inconsistent statement cannot be offered as substantive evidence of the facts stated, that is, as proof of the matter asserted therein, but can be offered only for the purpose of impeaching the witness. State v. Laws, 50 N.J. 159, 177 (1967), mod. o.g., 51 N.J. 494 (1968), cert. den. 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968); Goglia v. Janssen Dairy Co., 116 N.J.L. 396, 397 (E. & A. 1936); State v. Salimone, 19 N.J. Super. 600, 608-609 (App. Div. 1952), certif. den. 10 N.J. 316 (1952); Kulinka v. Flockhart Foundry Co., 9 N.J. Super. 495, 500-501 (Cty. Ct. 1950), aff'd sub nom. Bujalski v. Flockhart Foundry Co., 16 N.J. Super. 249 (App. Div. 1951), certif. den. 8 N.J. 505 (1952); see Link v. Eastern Aircraft, etc., Gen'l Motors Corp., 136 N.J.L. 540 (E. & A. 1948), and State v. D'Adame, 84 N.J.L. 386, 395-397 (E. & A. 1913); 3A Wigmore, Evidence (Chadbourn rev. 1970), § 1018 at 995-998; McCormick, Evidence (2 ed. 1972), § 34 at 67, § 251 at 601. Under that rule: "Contradictory statements are admissible solely to impeach the witness and for no other purpose. They are ineffective as direct and affirmative proof of the facts to which they relate." Goglia v. Janssen Dairy Co., supra, 116 N.J.L. at 397. As such, a limiting instruction was required. McCormick, supra, n. 62 at 601; see also State v. D'Adame, supra, 84 N.J.L. at 397, and United *437 States v. Lipscomb, 425 F.2d 226, 227 (6 Cir.1970), both referring to the general rule but dealing specifically with evidence admitted solely for the purpose of neutralizing surprise testimony of a witness.
However, with the adoption of the Rules of Evidence in 1967, New Jersey moved to the more modern view (see McCormick, supra at 602-603) that a prior inconsistent extra-judicial statement of a witness called by another party is admissible as "substantive" evidence, as an exception to the hearsay rule, providing the statement would be admissible if made by the witness while testifying. Evid. R. 63(1) (a); Comment 63(1) (a), New Jersey Rules of Evidence (1972). The principal rationale for this rule is that the declarant is available for cross-examination, so that the fact-finder may give such weight to the statement as it deserves, considering the reasons, if any, given for the contradiction and other evidence bearing on the issue. 3A Wigmore, supra at 996.
A statement from which there has been omitted a material assertion that would normally have been made and which is presently testified to may be considered a prior inconsistent statement. State v. Rosa, 71 N.J.L. 316 (E. & A. 1904); Esderts v. Chicago, Rock Island & Pacific R. Co., 76 III. App.2d 210, 222 N.E.2d 117 (App. Ct. 1966), cert. den. 386 U.S. 993, 87 S.Ct. 1309, 18 L.Ed.2d 339 (1967); Commonwealth v. West, 312 Mass. 438, 45 N.E.2d 260 (Sup. Jud. Ct. 1942); Erickson v. Erickson & Co., 212 Minn. 119, 2 N.W.2d 824 (Sup. Ct. 1942); 3A Wigmore, supra, § 1042 at 1056; McCormick, supra at 68. While it can be readily understood that a material omission in a prior statement may affect the credibility of a witness, the omission alone cannot logically serve as affirmative proof of a fact asserted. But the prior statement as a whole, because of the omission, may serve as an implied contradiction of the testimony given by the witness. 3A Wigmore, supra. In the case at hand the statement was offered to impeach G.T.'s testimony that her dress was removed from her eyes during the sexual assault. It was offered not simply to attack her credibility but to prove *438 a negative proposition as well, namely, that the dress was not removed and that she could not have observed her assailant during the rape. For this reason the limiting instruction should not have been given. When a prior contradictory statement is introduced pursuant to Evid R. 63(1) (a) it is now improper to give a limiting instruction unless the statement has been offered for a limited purpose (see Evid. R. 6) or as neutralizing evidence under Evid. R. 20.[1]
Nevertheless, the instruction could not have prejudiced defendant's rights in the case at hand. See McCormick, supra at 604, saying: "Allowing it as substantive evidence pays an added dividend in avoiding the ritual of a limiting instruction unlikely to be heeded by a jury." See also Report of the N.J. Supreme Court Committee on Evidence, Comment, R. 63(1) at 130 (1963), speaking of the traditional rule:
* * * the prior statement is limited to an evaluation of credibility and the jury is instructed that they are not to consider the statement as substantive evidence. It is widely acknowledged that this is a fiction, and that the jury in fact often gives the prior statement substantive effect. If confronted with two conflicting statements a typical jury will tend to believe one of them. The instruction is confusing and requires a form of mental gymnastic that is obviously beyond the capacity of the ordinary juror.
Despite these views we cannot condone the erroneous instruction on the assumption that the jury did not comply with the limitation. In the case at hand, however, the attempted limitation could not have been meaningful. If the credibility of the witness was impeached it would have served the purpose of disproving her assertion that the dress-blindfold was removed. This tends to the same conclusion sought by proving, through the omission, the negative proposition that the dress was not removed. While we disapprove a limiting *439 charge where an omission is introduced as proof of prior inconsistency, we cannot conclude that the charge here constituted plain error justifying a reversal of the conviction. See State v. Macon, supra. There was ample evidence that the victim observed defendant before and after the interval when he had forced intercourse with her.
Defendant also contends that the judge erred in sentencing this 23-year-old defendant to State Prison rather than "Yardville." We find no merit to this contention. At sentencing the trial judge expressed the view that he considered defendant dangerous and capable of repeating this type of offense unless incarcerated. He made it clear that he did not intend to sentence defendant to an indefinite term and that he was imposing a State Prison sentence to assure defendant's incarceration for a certain minimum period of time for the protection of society. Nevertheless, the trial judge indicated that he would recommend an institutional transfer "to Yardville, if possible." We find no error in this disposition by the trial judge. State v. McBride, 67 N.J. 577 (1975), aff'g 127 N.J. Super. 399 (App. Div. 1974). Although a sentence to the Youth Correctional Institution Complex is generally preferred for youthful offenders, the trial judge had good reason for the sentence he imposed.
The third count of the indictment charged defendant with having "in his possession a pistol while committing the robbery of the said G.T. contrary to the provisions of N.J.S.A. 2A:151-5 * * *." Although N.J.S.A. 2A:151-5 provides for the enhancement of a rape sentence if committed while armed, defendant was not so charged in the indictment. Accordingly, the court could not enhance the sentence for rape by an additional consecutive term for being armed. In this case, the additional sentence could be imposed consecutive only to the sentence for robbery.
N.J.S.A. 2A:151-5 provides that any person who commits an assault, robbery, rape or other enumerated offenses when armed with a firearm or other dangerous instrument "* * * shall, in addition to the punishment provided for the *440 crime, be punished * * *" (emphasis added) for certain specified terms. The last sentence of that section provides, "No such additional punishment shall be imposed unless the indictment shall have averred that the person was armed with or had in his possession any such instrument and conviction was had thereon."
We conclude that the legislative intent was to allow the imposition of a penalty for being armed in addition to that imposed for the substantive crime, provided the indictment charges the armed feature while the substantive crime was being committed. Since the indictment in the case at hand charged the enhancement offense of being armed with respect to the robbery only, and not the rape, the additional penalty can be imposed only with respect to the sentence for the robbery. Accordingly, the sentence on the third count of the indictment is vacated and the cause is remanded to the trial court for resentencing in accordance with this opinion.
Affirmed, except as to the sentence imposed on the third count, and remanded for resentencing.
NOTES
[1] When a prior contradictory statement is offered for the purpose of neutralizing surprise testimony of one's own witness pursuant to Evid. R. 20, a limiting instruction is required. State v. Gallicchio, 44 N.J. 540, 547 (1965).