26 N.J. 362 (1958)
140 A.2d 74
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BERNARD J. MANNEY, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGELO CAPUANO, DEFENDANT-APPELLANT.
The Supreme Court of New Jersey.
Argued February 18, 1958.
Decided March 31, 1958.
*364 Mr. Samuel Doan argued the cause for defendants-appellants (Mr. Charles C. Stalter, attorney for defendant-appellant Bernard J. Manney; Mr. Samuel Doan, of counsel. Messrs. Donato and Donato, attorneys for defendant-appellant Angelo Capuano; Mr. Joseph D. Donato, of counsel).
Mr. Archibald Kreiger, Deputy Attorney-General, argued the cause for plaintiff-respondent (Mr. Charles S. Joelson, Deputy Attorney-General, Acting Passaic County Prosecutor, attorney. Mr. Archibald Kreiger, of counsel).
The opinion of the court was delivered by WEINTRAUB, C.J.
Upon the State's motion, an order was made consolidating six indictments for trial. The Appellate Division granted defendants leave to appeal and we certified the appeals on our own motion before consideration of them by that court.
Each indictment charges an attempt to extort in violation of N.J.S. 2A:85-5 and 2A:85-1. Three run against defendant Manney, who is described therein as a duly elected and qualified member of the Board of Commissioners of the City of Passaic. The remaining three run against defendant, Capuano, who is described therein as a duly appointed and qualified member of the police department of that city. Defendants are separately charged with respect to three basic transactions, each being an attempt in August 1954 to extort from the low bidder for each of three contracts in connection with the erection of a municipal building. The allegations in the indictments against the defendants parallel each other, but each indictment mentions only the defendant charged therein and does not allege that the named defendant acted in concert with another.
*365 On the motion to consolidate, the State contended that the defendants acted as a team in seeking to extort money from the low bidders. There were exhibited bills of particulars furnished defendants in which that concert is portrayed in identical language. We refer to the bills of particulars because they reveal the State's position without, of course, suggesting that a bill of particulars may supply any deficiency in an indictment.
R.R. 3:5-6 provides:
"The court may order two or more indictments or accusations to be tried together if the offenses and the defendants, if there is more than one, could have been joined in a single indictment or accusation. The procedure shall be the same as if the prosecution were under such single indictment or accusation."
We are thus referred to the rules relating to joinder of offenses and defendants. R.R. 3:4-7 reads:
"Two or more offenses may be charged in the same indictment or accusation in a separate count for each offense if the offenses charged, whether high misdemeanors or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."
R.R. 3:4-8 provides:
"Two or more defendants may be charged in the same indictment or accusation if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. The disposition of the indictment or accusation as to one of several defendants joined in the same indictment or accusation shall not affect the right of the State to proceed against the other defendants."
With respect to the joinder of offenses charged against each defendant, R.R. 3:4-7 clearly would have authorized that course. The offenses "are of the same or similar character" and also are based "on two or more acts or transactions *366 connected together or constituting parts of a common scheme or plan," either of which bases suffices.
It, of course, is true that a joinder of offenses has the potential of prejudice, but if separate offenses were required to be tried separately in all circumstances, the multiplicity of trials would disserve the State and defendants alike. Our present rules, borrowed from the Federal Rules of Criminal Procedure, 18 U.S.C.A., represent an adjustment of the conflicting considerations. "The rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of defendants to a fair trial." Daley v. United States, 231 F.2d 123, 125 (1 Cir. 1956), certiorari denied 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956). If prejudice is evident, a defendant may seek a severance under R.R. 3:5-7. Defendants do assert prejudice, and their claim will be considered hereinafter, but it is clear that apart from the question of relief for prejudice the joinder is authorized by the rules. Decisions under the federal rules amply support this result. Kivette v. United States, 230 F.2d 749 (5 Cir. 1956); Archambault v. United States, 224 F.2d 925 (10 Cir. 1955); Maurer v. United States, 95 U.S. App. D.C. 389, 222 F.2d 414 (D.C. Cir. 1955); Finnegan v. United States, 204 F.2d 105 (8 Cir. 1953), certiorari denied 346 U.S. 821, 74 S.Ct. 36, 98 L.Ed. 347 (1953); Brandenburg v. Steele, 177 F.2d 279 (8 Cir. 1949); United States v. Daisart Sportswear, Inc., 169 F.2d 856 (2 Cir. 1948), reversed on other grounds sub nom. Smith v. United States, 337 U.S. 137, 69 S.Ct. 1000, 93 L.Ed. 1264 (1949); Cataneo v. United States, 167 F.2d 820 (4 Cir. 1948); Jordan v. United States, 120 F.2d 65 (5 Cir. 1941), certiorari denied 314 U.S. 608, 62 S.Ct. 102, 86 L.Ed. 489 (1941); see Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509 (1897).
With respect to the joinder of defendants, it is equally plain that they could have been joined initially in the same indictments under R.R. 3:4-8 upon the basis of the claim *367 that they "participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."
The sole issue raised upon the face of the rules involves the meaning of the phrase in R.R. 3:4-8 that two or more defendants "may be charged in the same indictment or accusation if they are alleged to have participated in the same act" etc. Defendants urge that "alleged" means alleged in the indictment itself, i.e., that there must be a charge on the face of the indictment that defendants acted in concert. If such were a correct construction of the rule, the joinder would be unauthorized, since none of the indictments refers to both defendants or expressly alleges participation. Defendants cite no authority to support their view of the rules.
That the rules have not been understood to require an allegation of joint action in the indictments themselves is evident from the many decisions sustaining joinder or consolidation notwithstanding the absence of a literal charge of participation. United States v. Turner, 246 F.2d 228 (2 Cir. 1957); Gomez v. United States, 245 F.2d 344 (5 Cir. 1957), certiorari denied 355 U.S. 863, 78 S.Ct. 95, 2 L.Ed.2d 68 (1957); United States v. Kramer, 236 F.2d 656 (7 Cir. 1956); Daley v. United States, supra (231 F.2d 123); Malatkofski v. United States, 179 F.2d 905 (1 Cir. 1950); Davis v. United States, 148 F.2d 203 (5 Cir. 1945), certiorari denied 325 U.S. 888, 65 S.Ct. 1570, 89 L.Ed. 2001 (1945); Firotto v. United States, 124 F.2d 532 (8 Cir. 1942); cf. Hunt v. District of Columbia, 47 A.2d 783 (D.C. Mun. Ct. App. 1946), affirmed, 82 U.S. App. D.C. 159, 163 F.2d 833 (D.C. Cir. 1947).
The constitutional guarantee of indictment is not involved. The constitutional right is honored if the indictment charges the essential elements of the crime; it has nothing to do with joinder of offenders, a matter of trial practice. It seems to us that R.R. 3:4-8 was intended to mean only that the required showing be made in some acceptable form. The identity of the acts or transactions may appear from *368 a comparison of the charges and participation may be inferred therefrom, or the State may advance its contention that defendants participated in the same acts or transactions by a showing independent of the indictments themselves. Upon either approach, the trial court's action was proper.
The remaining question is whether there is substance in defendants' claim that the consolidation will result in such prejudice as would warrant a severance under R.R. 3:5-7, either by reason of the joinder of offenses or of defendants.
As we have said, joinder of offenses has some potential of harm. United States v. Silverman, 106 F.2d 750 (3 Cir. 1939). Multiple charges may suggest propensity for crime, and there is the possibility that proof as to one offense will enter into the consideration of another charge. But a mere possibility of such harm is not enough to bar joinder or consolidation; if it were, nothing would remain of the rule. The question is whether a jury is likely to be unable to comply with the trial court's instructions. Of necessity, a wide range of discretion must repose in the trial judge, and where, as here, the issue arises upon a pretrial showing, we may not indulge in fanciful speculations as to what may happen. As matters now stand, there are three basic transactions, concurrent in time and all arising out of a single setting, the construction of a municipal building. The evidence will not be complex. We see no room for reasonable apprehension of prejudice. We do not have the question whether wholly unrelated crimes may be tried together in the face of a claim of prejudice. See State v. Agnew, 7 N.J. Misc. 915 (Sup. Ct. 1929); Dunaway v. United States, 92 U.S.App. D.C. 299, 205 F.2d 23 (D.C. Cir. 1953); Scheve v. United States, 87 U.S.App. D.C. 289, 184 F.2d 695 (D.C. Cir. 1950).
With respect to joinder of defendants, prejudice is asserted in that (1) one defendant will testify to facts exculpatory of himself and condemnatory of the other; (2) there will be a denial of the right to compulsory process in that one defendant will not be able to subpoena the other, State v. Edelman, 19 N.J. Super. 350, 357 (App. Div. 1952); and *369 (3) testimony admissible against one accused will not be applicable to the other and hence there will be repeated requests for instructions limiting the proof, with resulting confusion.
There is nothing before us to substantiate the first claim. Defendants offered no proof on the motion to that effect. Hence we need not consider the circumstances, if any, in which divergent positions of defendants will require separate trials. Cf. State v. Rios, 17 N.J. 572, 585-86 (1955); State v. Rosenberg, 37 N.J. Super. 197, 203 (App. Div. 1955), certification denied 20 N.J. 303 (1956); Allen v. United States, 91 U.S.App. D.C. 197, 202 F.2d 329 (D.C. Cir. 1952), certiorari denied, 344 U.S. 869, 73 S.Ct. 112, 97 L.Ed. 674 (1952).
As to the second point, there is a division of authority elsewhere on the question whether a severance should be ordered if one defendant plans to call another as his witness. 5 Wharton, Criminal Law and Procedure (1957), § 1946, p. 59. Although a defendant is a competent witness, yet if called by a co-defendant at the latter's separate trial, he could decline to risk incrimination. It is difficult to conceive of a situation in which an accused would be willing to testify at such separate trial but not at a joint one. State v. Juliano, 103 N.J.L. 663, 668 (E. & A. 1927). We hesitate to say that in no situation will a separate trial be ordered, but surely the case would be a rare one. At any rate, there is nothing before us to suggest that either defendant takes the unlikely position that he will testify only upon a separate trial of the other.
The remaining point, that some evidence will be admissible only as to one defendant, presents nothing novel. It is common in joint trials, and a claim of prejudice cannot be grounded merely upon that eventuality. Cf. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). R.R. 3:4-8 expressly contemplates that evidence need not be admissible as to all defendants since it provides that "all defendants need not be charged in each count." Daley v. United States, supra (231 F.2d at page 125). *370 In advancing this claim, defendants assert that only upon the trial of the crime of conspiracy may the conduct of one defendant be charged to the other. This, of course, is not so. The ultimate test is whether one defendant in fact acted as the agent of the other within the scope of the granted authority, and a conspiracy may be proved to evidence that authority. State v. Carbone, 10 N.J. 329, 338 (1952); State v. Guida, 118 N.J.L. 289, 293-94 (Sup. Ct. 1937), affirmed 119 N.J.L. 464 (E. & A. 1938); Daley v. United States, supra (231 F.2d at pages 127-128). Thus, much of the basis upon which defendants press this point may disappear. In its very nature, an objection of this type is best evaluated upon the trial itself. There may be cases in which the protective instructions of the trial judge will be plainly ineffective, but the record before us does not present that picture. We may not now speculate that prejudice will develop. 5 Wharton, supra, at p. 59.
The order under review is accordingly affirmed.
For affirmance  Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR  6.
For reversal  None.