105 N.J. Super. 319 (1969)
252 A.2d 160
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD A. HARRIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 24, 1969.
Decided April 22, 1969.
*320 Before Judges CONFORD, KILKENNY and LEONARD.
Miss Cynthia M. Jacob, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Richard Newman, Deputy Public Defender, attorney).
Mr. Ivan M. Sherman, Assistant County Prosecutor, argued the cause for respondent (Mr. Joseph Tuso, Cumberland County Prosecutor, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
A consolidated trial in the Cumberland County Court, before a jury, of two indictments against *321 defendant, one containing four counts and the other six counts, resulted in a verdict of guilty on all ten counts.
Defendant was sentenced to State Prison for consecutive terms of five to six years on the first and second counts of indictment 114-67 and concurrent terms of two to three years on each of the other four counts of this indictment. On indictment 220-66, defendant was sentenced to terms of two to three years on each of the four counts to run concurrently with the sentences under indictment 114-67. In effect, defendant has been sentenced to a term of 10 to 12 years.
Defendant appeals from the judgments of conviction. Eleven points are presented why the judgments should be reversed. One of them, in our view, mandates a reversal and remand for new trials.
The joinder for trial of the two indictments, containing in all ten counts, charging many crimes of various natures, separated in time in some instances by seven or eight months, involving some six different victims, diverse locations and different factual circumstances  even though assigned defense counsel made no objection to the consolidation  constituted "plain error," manifestly prejudicial to defendant. We note for the record that assigned trial counsel was not a regular member of the Public Defender's staff.
Indictment 220-66 charged defendant in the first count with breaking and entering Robinson's Gulf Station in Bridgeton on April 28, 1967 with intent to steal, in violation of N.J.S. 2A:94-1. The second count charged that at the same time and place he stole some $17 in change, in violation of N.J.S. 2A:119-2. The third count charged a separate breaking and entering, also on April 28, 1967, of the First Presbyterian Church, a different location in Bridgeton, with intent to steal, in violation of N.J.S. 2A:94-1. The fourth count of this four-count indictment charged defendant with stealing $2 in change from the church, in violation of N.J.S. 2A:119-2.
*322 We can appreciate that the first and second counts are interrelated, so that no prejudice would result from trying them together. So, too, the third and fourth counts of this indictment 220-66 are interrelated and could be tried together without prejudice. Some argument might be made that it was not unduly prejudicial to try all four counts of this indictment at the same time, because the offenses were all committed on the same date, perhaps in close proximity in time, and in the same city of Bridgeton. The nature of the offenses is the same, namely, breaking and entering with intent to steal, coupled with larceny, in each of the two instances.
Indictments containing separate counts for breaking and entering with intent to steal and larceny are commonplace, as is their joinder for trial, when both crimes stem from the same incident and were allegedly committed by the same defendant or defendants. See State v. Fioravanti, 46 N.J. 109 (1965). There a single victim was involved. So, too, there may be a valid consolidated trial of a several-count indictment arising from the same episode, as where the defendant perpetrates a robbery and there are several victims of his criminal activity at the same time and place.
So, too, we are mindful of the rule of res inter alios acta and the exceptions thereto. Under this rule, the commission of one crime or of a series of crimes different from the one charged may tend to show that the defendant is a bad man, and thus make the inference easy that he might have committed the crime charged. The effect of such evidence, if admitted, would invariably be to prejudice the jury against the accused, and divert their minds from an impartial consideration of the evidence as to the particular crime charged. McKelvey on Evidence (5th ed. 1944), p. 283.
A well-recognized exception to this rule of exclusion is the allowance of evidence of the commission of another crime to show motive, intent or guilty knowledge, or where *323 the crime proved is an incident to, a part of, or leads up to the crime with which a defendant is charged. State v. Popick, 83 N.J.L. 318, 319 (Sup. Ct. 1912); State v. Fay, 127 N.J.L. 77, 82-83 (Sup. Ct. 1941). So, too, proof of other crimes may be admitted to establish a common plan or scheme, or identity, or the absence of mistake. State v. Lederman, 112 N.J.L. 366, 373 (E. & A. 1934); State v. DePaola, 5 N.J. 1, 12 (1950).
In the instant case, there was manifest injustice in consolidating for trial the ten counts in the two indictments. The only excuse offered was that the same police officer handled all the investigations and it would save him and the court time in holding a single trial lumping together all outstanding charges against this defendant. We cannot escape the conclusion that this action deprived defendant of fundamental justice.
That error was obviously compounded when we consider that the charges of breakings and enterings and larcenies in indictment 220-66 were tried along with the six charges in indictment 114-67, which related to charges of atrocious assaults and batteries and the robberies of two other victims, as well as an assault and battery against two police officers, and defendant's escape while in their custody.
We find it unnecessary to decide the other ten points advanced on behalf of defendant. We mention them briefly to indicate that they have received our consideration. Upon the retrial, the trial court should hold a preliminary hearing concerning the voluntariness of defendant's written and oral confessions to determine their voluntariness. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); State v. Johnson, 43 N.J. 572 (1965); State v. Hodgson, 44 N.J. 151 (1965); State v. Wolf, 44 N.J. 176 (1965); State v. Green, 49 N.J. 244 (1967); State v. Broxton, 49 N.J. 373, 377 (1967).
Prior convictions of defendant may be shown, if he testifies, for the limited purpose of affecting his credibility as a witness, and the trial judge should instruct the jury as to *324 that limited effect, N.J.S. 2A:81-12, but pointing out that the jury is free to infer or refuse to infer impaired credibility because of such convictions.
Out-of-court identifications of defendant are subject to the rules laid down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Any out-of-court identification of a defendant, to be admissible, must be made under circumstances precluding unfairness, to comport with due process of law. State v. Woodard, 102 N.J. Super. 419, 424 (App. Div. 1968).
The right to counsel prior to police questioning of an accused is conceded by the State. Whether there was a knowing, intelligent and voluntary waiver thereof, as the State asserts existed herein, is a subject of proper inquiry. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Since there will be a new trial, the claims made by defendant that (a) the trial judge unduly intervened in the case; (b) the prosecutor unfairly badgered the defendant and made remarks outside the evidence in his summation; (c) trial counsel was inadequate; (d) defendant's motion for a change of venue was erroneously denied; and (e) there was an aggregation of errors requiring a new trial, require no decision by us.
The judgments of conviction are reversed and the matters are remanded for new trials. There should be separate trials, which should include only the joinder of related incidents.