**UNITED STATES of America**

v.

**Rufus E. ADAMS, Jr., Appellant.**

**Nos. 72–1897, 72–1898.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 12, 1973.

Decided June 26, 1973.

Aloysius B. McCabe, Washington, D.C. (appointed by this court), with whom Thomas C. Arthur, Washington, D.C., was on the brief, for appellant.

N. Richard, Janis, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S.

80. Green, *supra* note 42, 36 Geo.Wash.L.Rev. at 1040–1041.

Atty., and John A. Terry and Roger M. Adelman, Asst. U. S. Attys., were on the brief, for appellee.

Before .WRIGHT, TAMM and ROBB, Circuit Judges.

PER CURIAM:

■ Appellant was convicted of three different offenses—rape while armed,[1] armed robbery[2] and assault with a dangerous weapon[3]—in connection with each of two separate incidents. We vacate the assault with a dangerous weapon convictions as lesser included offenses in armed robbery and armed rape. *See* United States v. Johnson, 155 U.S. App.D.C. 28, 475 F.2d 1297 (1973); United States v. Benn, 155 U.S.App.D.C. 180, 476 F.2d 1127 (1972). We affirm the other convictions.

■ ■·The challenge on appeal is based on alleged prejudicial misjoinder of the crimes involved in the two separate incidents and improper identification procedure. As to the misjoinder, we agree that the indictments arising out of the separate incidents should not have been consolidated for trial unless "the facts surrounding the two or more crimes on trial show that there is a reasonable probability that the same person committed both crimes due to the concurrence of unusual and distinctive facts relating to the manner in which the crimes were committed, the evidence of one would be admissible in the trial of the other to prove identity." Drew v. United States, 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964). (Footnote omitted.) The Government cites 17 "unusual and distinctive facts" common to both criminal incidents which it claims prove a similar *modus operandi*. We are not required to accept all 17 of the Gov-

ernment's suggestions as probative of identity to uphold the consolidation. Suffice it to say that the similarity of the circumstances surrounding the two criminal episodes was indeed remarkable —sufficiently so to prove that "there is a reasonable probability that the same person committed [the] crimes." *Ibid.* *See .also* Robinson v. United States, 148 U.S.App.D.C. 58, 70 n. 75, 459 F.2d 847, 859 n. 75 (1972); Bradley v. United States, 140 U.S.App.D.C. 7, 14–15, 433 F.2d 1113, 1120–1121 (1969).

■ We also find, in agreement with the District Court, that the Government established by "clear and convincing evidence that the in-court identifications were based upon observations of the suspect" rather than on the drawing of a man submitted to the victims of the crimes for identification as their attacker. United States v. Wade, 388 U.S. 218, 240, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967). The drawing had been made by a police officer from a description given by a third rape victim and was submitted to the victims in this case before the police knew who the person identified was. Thus the police were not in a position at that point in the investigation to show the victims here a series of photographs from which to pick their attacker. While we can appreciate the necessity in cases of this kind of using drawings for some purposes,[4] it should be noted that the impermissible suggestivity in showing a witness a single drawing is not unlike the similar use of a single photograph. *See* Simmons v. United States, 390 U.S. 377, 383–384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Convictions of assault with a dangerous weapon vacated; all other convictions affirmed.

1. 22 D.C.Code §§ 2801, 3202 (Supp. V 1972).

2. 22 D.C.Code §§ 2901, 3202 (Supp. V 1972).

3. 22 D.C.Code § 502 (1967).

4. For example, for circulation on "Man Wanted" lists, in lieu of a photograph, to law enforcement officers and agencies.