140 N.J. Super. 510 (1976)
357 A.2d 6
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN MITCH INMAN, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 23, 1976.
Decided April 7, 1976.
*512 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. James R. Kinarney, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Michael R. Ascher, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BISCHOFF, J.A.D.
Defendant appeals his conviction by a jury of the larceny of property valued at more than $200 but less than $500, contrary to N.J.S.A. 2A:119-2(a).
On April 13, 1973 David DeCicco, an employee of Triangle Plumbing, observed a colored male close the trunk of a 1964 Chevrolet, license #YCV 473, get in the car and drive away. DeCicco, who was about 25 feet away, observed boxes in the back seat of the car which he described as approximately three feet square, one inch thick and of the same type used by Triangle Plumbing to package copper tubing coils. Each of these boxes (when full of coils) weighs approximately 30 pounds. He could not see how many boxes were in the car but felt that there were more than two. The car had been parked in the driveway leading to the rear of the warehouse and was three or four feet from it. DeCicco was unable to identify defendant as the driver of the car but testified that defendant fit the general description of the man he saw driving away.
Thomas Crowell, another warehouseman of Triangle Plumbing, testified that on the same day he saw a car of the same make, model and license number as that described *513 by DeCicco going out the driveway with two boxes of copper coils in the back seat. He described the boxes in a manner similar to the description given by DeCicco. He could not identify defendant.
When interrogated by the police defendant explained his presence at the Triangle Plumbing warehouse by stating that his vehicle had sustained a flat tire and he had changed it at that location.
Following a voir dire Norman Starr, an employee of Community Plumbing Supply Company, was permitted to testify over objection that in the middle of April 1973 he walked into the garage of Community Plumbing and noticed defendant walking out with boxes of copper tubing. He approached defendant and saw a car parked adjacent to the garage with the trunk open. When Starr informed defendant that the establishment was not a self-service store, defendant returned the merchandise to the garage. The license number on the vehicle was observed by Starr and it was the same as that on the vehicle noticed by DeCicco and Crowell. He identified defendant in court as the man he saw at the Community Plumbing garage.
A shop supervisor of Triangle Plumbing testified that an inventory taken on April 13, 1973 disclosed that five coils of copper tubing were missing and the invoice value of the missing coils was $260.40 or $264.40.
Defendant argues on appeal that "the court committed reversible error in failing to instruct the jury that they could find the value of the property to be under $200 if they found that defendant in fact did steal the property." The judge instructed the jury that defendant was charged "with the crime commonly known as larceny of property of a value of more than $200 but less than $500 belonging to Triangle Plumbing on April 13, 1973." This was followed by a reading from the statute, N.J.S.A. 2A:119-2(a), and defining larceny. Later in the charge the judge said:
As you noted from my reading the statute, value must be alleged in the indictment to distinguish between the degree of crime proscribed *514 by our law. The distinction exists merely for the purpose of punishment, a high misdemeanor carrying a higher penalty than a misdemeanor. But the offenses are otherwise the same. Accordingly, proof of value must be introduced at the trial. If you determine that the State has established the guilt of the defendant of the crime charged to him beyond a reasonable doubt it is important that you determine the value of the articles taken and state that value in returning your verdict.
No objection was taken to the charge. After approximately one hour of deliberation the jury returned with the following question:
Does the value of the merchandise have to be stated with a verdict? Can we decide that he stole five rolls or do we assume that if he is guilty he stole all that the inventory shows is missing?
The judge answered the question by instructing the jury again on the necessity for the State to prove the crime of larceny beyond a reasonable doubt and that the jury must state in its verdict the value of the property which it found to have been stolen.
While defense counsel did not object to the court's supplemental charge, he did say:
I don't have an objection, your Honor, but I think in view of the question it may be appropriate to charge the jury as to less than $200 which I believe would be categorized as shoplifting. I understand that is not indictable. It would only be a disorderly persons offense. In view of the question that certainly is a lesser included offense than what the State has charged.
The judge refused to supplement the charge since there had been "no request to charge the larceny of property having a value of less than $200."
The jury returned a verdict of guilty, finding that defendant had stolen property "worth more than $200 but less than $500."
It is now well recognized that a defendant may be found guilty of a lesser offense necessarily included in the greater offense charged in the indictment, State v. Saulnier, *515 63 N.J. 199, 205 (1973), and this is so even if the lesser included offense is not indictable. Id. at 208. However, a charge on a lesser-included offense is only required where there is a request to so charge and where there is a rational basis in the evidence for a finding "that the defendant was not guilty of the higher offense charged but guilty of the lesser included offense." Id. at 206-207.
We are of the opinion that it was error under the facts of this case for the trial judge to fail to instruct as to the lesser-included offense of a disorderly person. N.J.S.A. 2A:170-30.1. Here, the question asked by the jury and the statement of defense counsel should have alerted the trial judge to this issue. The only evidence of the value of the coils of copper was that the invoice cost of five coils was $260.40. The sole evidence establishing that five coils were stolen was in the inventory discrepancy. The evidence of the number of coils in defendant's car was that there were two (total value of approximately $100) or more. The jury was left with the alternative of finding defendant guilty of larceny of goods worth over $200, or not guilty. The doubt in the jury's mind was evidenced by the verdict where, contrary to the instructions given to them, they did not find the specific value of property stolen but instead returned what was in effect a verdict of "guilty as charged." This was clearly erroneous and the verdict should not have been accepted in that form. State v. Romero, 95 N.J. Super. 482, 488 (App. Div. 1967); State v. Shelbrich, 33 N.J. Super. 7 (App. Div. 1954).
We are of the opinion that the failure of the trial judge to submit to the jury for their consideration the lesser-included offense was prejudicial error and requires that the judgment of conviction be reversed and the case remanded for a new trial.
One other issue requires comment. Defendant alleges that the judge erred in admitting into evidence, over objection, the testimony of Starr as it related to defendant's alleged prior criminal conduct at another company's warehouse in *516 walking out of the garage with merchandise for which he had not paid. Such testimony was offered by the State under Evid. R. 55 "to show the intent or motive of defendant at the time the incident in question did occur." The State argues on this appeal that the testimony of Starr was admissible "to establish defendant's method of operation in the instant theft," to establish his identity and to indicate his state of mind.
The judge, in instructing the jury on the limited use they could make of this testimony, restricted their consideration to "the issues of intent or plan, or absence of mistake, or accident on the part of defendant."
Realistically viewed, the only tenable basis for the admission of Starr's testimony concerning defendant's prior conduct would be to establish his identity. State v. Gibson, 92 N.J. Super. 397, 401 (App. Div. 1966); State v. Leonard, 126 N.J. Super. 308 (Law Div. 1974). It would, of necessity, be predicated on the theory that the prior activity of defendant was so nearly identical in method as to earmark the crime with which he was charged as defendant's handiwork. Admission of evidence of prior conduct on this theory requires more than testimony of repeated crimes of the same class, such as burglaries, thefts, or attempts at theft. The conduct in question or the criminal scheme or device used "must be so unusual and distinctive as to be like a signature." McCormick on Evidence (2 ed. 1972), § 190 at 449.[1]
*517 The admissibility of such evidence is generally limited to those situations where "a crime has been committed by some novel or extraordinary means or in a peculiar or unusual manner," and there is proof of recent similar acts or crimes by the accused committed by the same means or in the same manner. 22A C.J.S., Criminal Law § 684 at 759 (1961); 1 Underhill's Criminal Evidence (6 ed. 1973), § 210 at 637; cf. State v. Harris, 105 N.J. Super. 319, 322 (App. Div. 1969); State v. Hector, 19 Ohio St.2d 167, 249 N.E.2d 912, 918 (Sup. Ct. 1969).
Since this case must be retried for the reason stated above, we express no opinion as to whether or not on this record the testimony of Starr was properly admitted. On the retrial the admissibility of such testimony, if offered, will depend upon the record then existing and a consideration of whether the proof of the prior conduct of defendant contains sufficient distinctive or unusual elements as to be probative on the issue of identity of defendant as being a participant in both incidents.
For the reason first above stated, the judgment of conviction is reversed and the matter is remanded for a retrial.
NOTES
[1] The admissibility of evidence of the commission of prior similar criminal acts as relevant on the issue of identity has been most frequently raised in cases involving rape or sexual offenses. The courts generally require proof of sufficient facts to establish an unusual pattern or modus operandi as a condition precedent to admission. For examples see Nester v. State, 75 Nev. 41, 334 P.2d 524 (Sup. Ct. 1959); State v. Francis, 91 Ariz. 219, 371 P.2d 97 (Sup. Ct. 1962); Mosley v. State, 211 Ga. 611, 87 S.E.2d 314 (Sup. Ct. 1955), and Harris v. State, 189 Tenn. 635, 227 S.W.2d 8 (Sup. Ct. 1950); cf. State v. Smith, 84 N.J. Super. 452 (App. Div.), certif. den. 43 N.J. 270 (1964).