154 N.J. Super. 138 (1977)
381 A.2d 40
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARL COLE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 24, 1977.
Decided November 10, 1977.
*140 Before Judges ALLCORN, MORGAN and HORN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Donald T. Thelander, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Ms. Carole Fitzgibbon Greco, Assistant Prosecutor, of counsel and on the brief).
*141 PER CURIAM.
Out of three incidents which occurred on May 8 and 9, 1973, defendant Cole and others were indicted by an Essex County grand jury. Cole was indicted on two counts of robbery, a violation of N.J.S.A. 2A:141-1 (counts 1 and 7); two counts of possession of a weapon while committing the robberies, contrary to N.J.S.A. 2A:151-5 (counts 2 and 8); three counts of assault with a dangerous weapon, a violation of N.J.S.A. 2A:90-3 (counts 3, 4 and 9), and one count of possession of a weapon, contrary to N.J.S.A. 2A:151-41 (count 10). Cole was not indicted in counts 5 and 6.
On December 20, 1973 defendant's motion to sever his trial from that of his codefendants was granted. Defendant also moved at that time to sever the charges into three separate trials, based on the argument that the indictment actually charged defendant with three distinct criminal offenses. The court found that there would be no prejudice to defendant, because the incidents were very close in time, and refused to sever the charges into three separate trials.
On May 20, 1974 defendant moved to sever the charges into two trials and the request was again denied.
Defendant was tried before a jury on May 21, 22, 23 and 24, 1974. The trial resulted in guilty verdicts on count 9 (assault with a dangerous weapon) and count 10 (unlawful possession of a pistol). Prior to trial the court dismissed count 7 (robbery) and count 8 (being armed while committing the robbery) with the consent of the State. Because the jury could not arrive at a verdict on counts 1 (robbery), 2 (being armed while committing the robbery), 3 and 4 (assault with a dangerous weapon), the court declared a mistrial on these counts.
A second trial on counts 1 through 4 was held on October 29, 1974. The jury returned guilty verdicts on all four counts.
On December 18, 1974 defendant was sentenced to an aggregate term of 14 to 24 years in State Prison. Defendant filed a timely appeal.
*142 Defendant asserts that (1) the trial judge erred in refusing to sever the charges into separate trials; (2) the judge committed plain error in instructing the jury to consider prior inconsistent statements of a witness for the State for credibility purposes only and not as substantive evidence; (3) the conviction for possession of a pistol without a permit must be reversed as a matter of plain error because the State failed to establish that the pistol was operable and the judge failed to instruct the jury as to the issue of operability, and (4) the judge abused his discretion in imposing sentences which were manifestly excessive and unduly punitive.

I
Defendant's first point  that the court erred in denying a severance of the charges for the purpose of trial  is without merit. The first four counts charging robbery, robbery while armed and assault related to one incident  an armed robbery of and assault on two patrons in a Newark bar known as "Club 18" shortly after 4 P.M. on May 8, 1973. These charges were prosecuted at the first trial, but the jury did not render a verdict as to them. Consequently these charges were the only ones which were the subject of the second trial. At the first trial the jury had found defendant guilty of two crimes which arose from a single episode later on the same day as the robbery of the bar.
It is obvious that the jury at the first trial heeded the judge's charge to separately and distinctly consider the charges stemming from the robbery incident from those relating to the later incident. Thus, there was no prejudicial error.
However, we do not view the severance denial as error as a matter of law. R. 3:7-6 authorizes the joinder of offenses where they "are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan." Severance may be ordered if it appears *143 that a defendant is prejudiced by a joinder of offenses. R. 3:15-2(b). The granting of a motion for severance is discretionary with the trial court and denial of such a motion will not result in reversal, absent an abuse of discretion. State v. Yormark, 117 N.J. Super. 315, 331 (App. Div. 1971). However, wholly unrelated crimes may not be tried together in the face of a claim of prejudice. State v. Manney, 26 N.J. 362 (1958).
In the instant case defendant and one Mosely were charged with the two armed robberies on the same day. It could fairly be inferred that all of the crimes for which defendant was originally tried were related by the proximity of time, similar character or being part of a common scheme or plan. Cf. State v. Harris, 105 N.J. Super. 319, 322 (App. Div. 1969). See State v. Baker, 49 N.J. 103 (1967), cert. den. 389 U.S. 868, 88 S.Ct. 141, 19 L.Ed.2d 144 (1967). Moreover, it appears that the events here demonstrate that the ruling complained of was not erroneous in the light of the test of whether a jury could arrive at a determination on each charge irrespective of the evidence concerning guilt on other charges. State v. Hines, 109 N.J. Super. 298 (App. Div. 1970), certif. den. 56 N.J. 248 (1970); State v. Manney, supra.

II
Defendant's next contention is that the trial judge erred when, at the second trial, he instructed the jury that a witness' prior inconsistent statements could not be used as substantive evidence and could only be used to affect credibility. No objection was made at the time the instruction was given. Therefore we review this point to determine if the instruction resulted in plain error. R. 2:10-2.
We agree that the instruction complained of was erroneous. Evid. R. 63(1)(a); Comment 63(1)(a), New Jersey Rules of Evid. (1972); State v. Provet, 133 N.J. Super. 432 (App. Div. 1975), certif. den. 68 N.J. 174 (1975). The *144 principal rationale for the rule is that the declarant is available for cross-examination, so that the factfinder may give such weight to the statement as it deserves, considering the reasons, if any, given for the contradiction and other evidence bearing on the issue. Provet, supra at 437.
However, such error in the charge is not necessarily fatal, as Provet demonstrates. There a rape victim testified that her dress was first tied around her head but later removed when she complained that she could not breathe, thus allowing her to see her assailant. In a prior statement to the police she made no mention of the removal of the dress from her head. The jury was improperly instructed to regard the inconsistency as bearing only on credibility. However, we held that the error did not require reversal, because although the trial judge's charge improperly precluded the jury from concluding from the prior statement as a matter of substantive proof that the dress was not removed from her head, nevertheless, had the jury found the complaining witness' testimony to be not credible as the result of the inconsistency, it would have reached the same conclusion  namely, that the dress was not removed.
In the instant case defendant asserts that the only evidence inculpating him in the robbery of the bar was the identification of him by three witnesses who were in the bar at the time. He claims that statements relating to prior identifications were inconsistent with statements made at trial. Our review of the alleged inconsistencies reveals that one of the witnesses made no conflicting statement and the other two made inconsistent statements which under all the circumstances we would expect to have little impact upon the jury. In any event, as noted before, had the jury felt that the identification witnesses were without credibility their verdict would have been the same as if they had accepted the earlier allegedly inconsistent statements as substantive evidence worthy of belief. We do not regard the error thus assigned as coming within the category of plain error under R. 2:10-2.

*145 III
Defendant argues under this point that his conviction for possession of a pistol without a permit must be reversed for plain error because the State failed to establish that the pistol was operable and the judge failed to instruct the jury as to the issue of operability.
Defendant and an accomplice were in Club 18 for a short while, apparently drinking beer. Suddenly they stood up, pulled guns and announced a stickup. One of the patrons heard two clicks, turned around and faced a gun trained on his head, held by defendant. One of the robbers  and the witnesses were confused as to which one  directed the two patrons to the lavatory and ordered them to stay there. Two patrons unsuccessfully gave chase, while the proprietress called the police. The gun was never recovered and was not produced in court.
Defendant argues that because the gun was not recovered, and he denied that he possessed a weapon, he is placed in a nearly impossible position to counter the charge that it was an operable weapon because the State failed to show it was operable and he could not show it was inoperable. He relies on State v. Morgan, 121 N.J. Super. 217 (App. Div. 1972), in which it was stated:
It may become a question of fact as to whether a particular device possesses or retains the characteristics of a firearm as thus defined. Conceivably, although having initially possessed such characteristics, it may have lost them through mutilation, destruction or disassembly. Where there appears to be a legitimate dispute as to whether any such device possesses or retains the essential characteristics of a weapon, it is appropriate for the parties to offer proof with respect to its operability. That question should be resolved as other questions of fact. [at 219]
Recognizing the quoted restrictive language, "[w]here there appears to be a * * * dispute," defendant asserts that the statute (N.J.S.A. 2A:151-5) does not create a presumption of operability and therefore, since penal statutes *146 are to be strictly construed, a judicially imposed presumption of operability may not be entertained. We do not agree. The application of the inference of operability cannot be made to depend on the recovery of the weapon or its production in court.
State v. Schultheis, 113 N.J. Super. 11 (App. Div. 1971), is dispositive of the point. In that case the principal witness for the State was a teenage boy whom defendant had threatened when he broke into the boy's home. The boy testified that he knew defendant had a gun in a holster because he saw a six- or seven-inch varnished wood gun handle and a part of the metal of the gun protruding from the holster. He was familiar with guns through the Boy Scouts and various police gun exhibits, and was sure that it was a real gun. The court concluded (at 16): "A rational inference from this evidence, tantamount to legal proof of the fact, is that the gun was capable of being fired. The conviction could reasonably rest upon this inference and thus, was not against the weight of the evidence."
In the present case one witness testified that he did not know anything about guns, but another witness testified that defendant was holding a black .32-caliber revolver. Furthermore, this witness stated that he first became aware that defendant had a gun when he heard a "click click," turned around and saw a gun pointed at his head. He later stated that it sounded "like you pull a trigger back off a revolver." The testimony of these witnesses furnished ample proof that the weapon was "real" as against a visible appearance of an impotent or toy image of an actual revolver.
Defendant further contends under this point that the judge erroneously failed to submit to the jury the question of operability of the gun. He reasons that when the weapon is not produced and the defense is one of identification, as was the case here, proof of the operability of the gun is essential to establish a prima facie case of possession of a weapon. Therefore, he says, the judge was required to charge the jury that they must find that the gun was operable as *147 a fundamental element of the crime. We are unable to subscribe to this argument.
The issue of operability was never raised. There was no evidence in the case which might have conflicted with the inference. Moreover, we view the proof of possession of a gun to comprehend that the gun is operable, under Schultheis, and that a factual issue as to the operability may only be raised where other evidence conflicts with the inference of operability. Accordingly, defendant's arguments under this point are not persuasive.

IV
Defendant finally contends that his sentence of 14-24 years in State Prison was manifestly excessive.
The presentence report indicates that the present offense occurred while defendant was an escapee from N.J. State Prison, where he was serving 18-23 years. In consideration of his long history of violent offenses, the present sentence does not appear to be unduly punitive or to constitute an abuse of the discretion inherent in the sentencing judge.
Inasmuch as we find that no prejudicial error tainted the convictions, they are
Affirmed.