167 N.J. Super. 595 (1979)
401 A.2d 563
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT RELDAN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 23, 1979.
*596 Mr. Frank Wagner, Deputy Public Defender, for defendant.
Mr. Robert Leaman, Assistant Bergen County Prosecutor for plaintiff (Mr. Roger Breslin, Bergen County Prosecutor).
MADDEN, J.S.C.
This matter comes before the court on a motion, pursuant to R. 3:15-2(b), to order separate trials of counts 1 and 2 of indictment S-63-77. That indictment charges defendant in count 1 with the first degree murder of Susan Heynes and in count 2 with the first degree murder of Susan Reeves. Susan Heynes was reported missing from her home in Haworth, New Jersey, on October 6, 1975, and her nude body was subsequently found in the Valley Cottage area of Clarkstown, in Rockland County, New York, on October *597 27, 1975. Susan Reeves was reported missing from her home in Demarest, New Jersey, on October 14, 1975, and her nude body was subsequently found in Tallman State Park, Bear Mountain, in Rockland County, New York, on October 28, 1975. The Medical Examiner of Rockland County examined the two bodies and found that the cause of death in both cases was strangulation due to a ligature of pantyhose found around the necks of the victims.
Defendant was charged with both murders in separate counts of a single indictment on January 20, 1977.[1] The State maintains that the joinder of the two murders was proper under R. 3:7-6 which permits the specification of two or more offenses in the same indictment if the offenses charged are of the same or similar character. The defendant contends that the joinder is prejudicial and seeks separate trials on each count under R. 3:15-2(b).
In discussing these two rules our courts have stated that although separate and distinct crimes which are the same or similar in character may be joined together in a single trial in the interests of judicial economy and efficiency, where there exists a possibility of prejudice to defendant, a trial severance of the offenses should be granted. Compare State v. Baker, 49 N.J. 103 (1967), cert. den. 389 U.S. 868, 88 S.Ct. 141, 19 L.Ed.2d 144 (1967) (holding single trial for sale of heroin on two separate occasions to be proper); State v. Coleman, 46 N.J. 16 (1965), cert. den. 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966) (permitting joint trial of double homicide which occurred as part of a single transaction); with State v. Harris, 105 N.J. Super. 319 (App. Div. 1969); (requiring separate trials on charges involving differing crimes occurring over a period of several months, multiple victims and diverse locations); State v. Kropke, *598 123 N.J. Super. 413 (Law Div. 1973) (distinguishing motion to sever offenses from motion to sever defendants).[2]
It should also be noted that the mere claim that prejudice attaches to a consolidated trial of multiple charges is insufficient to justify a severance. More than a cavil allegation of prejudice must be offered to warrant an order for separate trials of properly joined offenses. If separate crimes were required to be tried separately in all circumstances, the multiplicity of trials would disserve the State and defendants alike. State v. Manney, 26 N.J. 362 (1958).
In order to practically and properly evaluate a claim of prejudice, several basic categories have been formulated which contain the potential harm accruing to a defendant by a joinder of separate offenses:
1. he may become embarrassed or confounded in presenting separate defenses; 2. the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or 3. the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one. [Drew v. United States, 118 U.S. App. D.C. 11, 331 F.2d 85, 88 (1964)][3] *599 See also, United States v. Foutz, 540 F.2d 733 (4 Cir.1976); Tinsley v. United States, 368 A.2d 531 (D.C.Ct. App. 1976). This formulation has gained widespread acceptance, for (as will be seen) cases discussing prejudicial joinder do so in contexts that fall into one of these categories.
Defendant in the present case has claimed that each of these elements of prejudice is extant, and so I will consider them individually.
Defendant claims that he will be confounded or embarrassed in his defense by the consolidation in the event he wishes to take the stand and testify as to only one count of the indictment. It is true that it is potentially prejudicial to put a defendant in a position where, if he chooses to testify as to one charge, he opens himself to cross-examination or, alternatively, to the possibly damaging effect of remaining silent as to another charge, United States v. Lewis, 547 F.2d 1030, 1033 (8 Cir.1976), cert. den. 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed. 2d 566 (1977).[4]
Defendant does not, however, proffer that he wishes to take the stand and testify as to only one count. Even if he were to so indicate, that fact alone is not dispositive of a motion to sever so as to divest a court of all control over the matter. United States v. Lewis, supra at 1034; Baker v. United States, 131 U.S. App. D.C. 7, 401 F.2d 958, 976 (1968), cert. den. 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384. As was stated in Baker, "[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one *600 count and strong need to refrain from testifying on the other." 401 F.2d at 977. Only in this way can a court determine whether a claim of prejudice of this type is genuine. Should such a proffer be made during trial, I am empowered to determine at that point whether a severance should be granted. State v. Moriarty, 133 N.J. Super. 563 (App.Div. 1975), certif. den. 68 N.J. 172 (1975). There has therefore been an insufficient showing of prejudice on that basis to justify a severance.
Turning to the second claim of prejudice, defendant argues that a joint trial will result in the jury using evidence of one of the crimes to infer a criminal disposition on the part of defendant to commit the other crime, in violation of Evid. R. 55. See 2 Wigmore on Evidence (3 ed. 1940), § 300 et seq.; 1 Wharton's Criminal Evidence (12 ed. 1955), § 232. The reason for this rule is the belief that the potential for prejudice to a defendant in the eyes of a jury outweighs any probative value such evidence may have. See, e.g. McCormick on Evidence (2 ed. 1972), § 190; 1 Underhill, Criminal Evidence (5 ed. 1956), § 205; Note, "Other Crimes Evidence at Trial: Of Balancing and Other Matters," 70 Yale L.J. 763 (1961) (hereinafter referred to as "Other Crimes Evidence"). This same principle operates to militate against the joining of separate offenses in a single trial, since one trial of multiple charges means by its very nature that the jury will hear other crimes evidence. See, e.g., Drew v. United States, supra, 118 U.S. App. D.C. 11, 331 F.2d at 89-90.
Other crimes evidence, however, is admissible to prove a relevant fact in issue, such as motive, intent, common scheme or plan, knowledge, absence of mistake, or identity. Evid. R. 55; State v. Slocum, 130 N.J. Super. 358, 363 (App.Div. 1974); State v. Harris, supra, 105 N.J. Super. at 322-23. Thus, where evidence of one crime would be admissible at a separate trial of another crime under one of the above exceptions, it follows that a defendant will not suffer any additional prejudice if the two offenses are tried together. United States v. *601 Foutz, supra, 540 F.2d at 736; Drew v. United States, supra, 118 U.S. App. D.C. 11, 331 F.2d at 90. As was stated in Baker v. United States, supra:
In Drew, we recognized that the principal elements of prejudice from a joint trial are largely absent in a situation where evidence of each of the joined offenses would be admissible in a separate trial for the other, under the rules governing admissibility of "other crimes" evidence. The standard we there laid down requires a severance unless evidence of the joined offenses would be mutually admissible, or if not, the evidence is sufficiently "simple and distinct" to mitigate the danger of cumulation. [131 U.S. App. D.C. 7, 401 F.2d at 974]
Our own State has followed this logic when dealing with, for example, separate crimes found to be part of a common scheme, and has denied motions to sever accordingly. State v. Whipple, 156 N.J. Super. 46, 51 (App.Div. 1978); State v. Cole, 154 N.J. Super. 138, 143 (App.Div. 1977).
The State here contends that evidence of one homicide would be admissible in the trial of the other in order to show the identity of the murderer, and for that reason it would not prejudice defendant to try the two offenses together. In examining this contention, I must determine first whether such evidence is sufficiently probative to warrant admission under Evid. R. 55 and, if so, whether it is so prejudicial as to bar its admission under Evid. R. 4.
In support of its argument, the State has indicated that it will attempt to show that both victims were murdered by the same person, and that therefore evidence tending to show that this defendant killed one victim is probative as to the identity of the murderer of the other victim, and would be admissible as such. The State points to the following evidence which it claims shows a single perpetrator of both crimes.
Both victims were women in their twenties and of the same approximate height and weight; they were both abducted from the same general geographic area; they were both found *602 nude, in relatively isolated areas of New York State not far from one another, and, most significantly, both died from strangulation caused by a ligature of pantyhose which resulted in fractured hyoid bones in their necks. The State relies heavily on this last point, pointing out that Dr. Frederick Zugibe, Chief Medical Examiner of Rockland County, who examined the bodies, was of the opinion that less than 1% of strangulations resulted in the fracture of cartilages of the Hyoid bone. Dr. Zugibe testified before the grand jury that in his opinion both girls were murdered by the same person. The State also points out that since 1966 no other homicides in this county resulted in strangulation by ligatures using pantyhose, and that of the six unsolved homicides by strangulation in this county in the last 12 years, only these two involved injuries of the type sustained here.
The State also relies on the statements given by two coinmates of defendant while he was incarcerated at Rahway State Prison in December 1976. Both statements contain the allegation that defendant confided to the two inmates that it was a mistake on his part to place the two bodies so close together in New York State.[5]
The State concedes that its case is largely circumstantial and that the identity of the murderer of two victims is at issue. The States argues, however, that if a severance were ordered, the above facts show that the identity of the perpetrator in each case is the same, and that therefore evidence showing defendant's guilt of one crime would be probative at his trial on the other. It is true that:
Evidence of an independent and separate crime is admissible when such evidence tends to aid in identifying the accused as the person who committed the particular crime under investigation....
In order, however, for evidence of another crime to be admissible to prove the identity of the accused, there must be such a *603 logical connection between the crimes that the proof of one will naturally tend to show that the accused is the person who committed the other. [1 Wharton's Criminal Evidence (12 ed. 1955), § 235]
See also, McCormick on Evidence (2 ed. 1972), § 190; Annotation "Admissibility of Evidence of Other Offenses in Criminal Prosecution to Prove Identity of Defendant," 63 A.L.R. 602 (hereinafter referred to as "Admissibility to Prove Identity"; 22A C.J.S., Criminal Law, § 684 (1964).
I find that the facts here demonstrate sufficient similarity in the details of both murders to permit evidence of one murder to be introduced into evidence in the trial of the other to show identity.[6] That the details of the two crimes are novel and unusual enough to warrant this conclusion finds support by analogy to a variety of cases where a similar result was reached. See, e.g., State v. Sempsey, 141 N.J. Super. 317 (App.Div. 1976), certif. den. 74 N.J. 272, 273 (1966); United States v. Adams, 156 U.S. App. D.C. 415, 481 F.2d 1099 (1973); United States v. Miller, 145 U.S. App. D.C. 312, 449 F.2d 974 (1971); State v. King, 111 Kan. 140, 206 P. 883 (Sup.Ct. 1922); Annotation, "Admissibility to Prove Identity," supra, 63 A.L.R. at 605-608.[7] As was stated in State v. King, supra:
* * * the circumstances surrounding the deaths ... so similar in their dominant aspects, tended strongly to show that the murderer of one of these victims was the murderer of all three. The extended inquiry *604 made into the details of [these] crimes was bound to aid materially in disclosing the identity of their common perpetrator. [111 Kan. at 146, 206 P. at 885]
The manner of the two murders and of the disposal of the victims in the case at the bar is so unusual and distinctive as to mark the crime as having been committed by a single individual. See, e.g., State v. Inman, 140 N.J. Super. 510, 516-517 (App.Div. 1976). This evidence is thus sufficiently probative to justify its admission.
Moreover, I find the evidence not to be so prejudicial to defendant as to outweigh its probative value. The prejudice to be here considered is essentially the intangible fourth element of prejudice mentioned in Drew v. United States, supra, viz, that a jury will engender a feeling of hostility towards the defendant by the charging of several crimes together, or by the joining of particularly heinous offenses in one trial. See, Note, "Other Crimes Evidence," supra, 70 Yale L.J. at 763-765. To quote former Chief Justice Weintraub:
That evidence is shrouded with unsavory implications is no reason for exclusion when it is a significant part of the proof. The unwholesome aspects, authored by defendant himself, if the evidence is believed, were inextricably entwined with the material facts. [State v. West, 29 N.J. 327, 335 (1959)]
See also, State v. Seefeldt, 51 N.J. 472 (1968), cases cited at 488-489.
I therefore conclude that the evidence of one homicide would be admissible in the trial of the other, thereby rendering it unnecessary to sever on the theory that a jury would be improperly hearing other crimes evidence in a single trial.
The final argument to be considered is that a single trial would result in the cumulation of the evidence by the jury, with the result that a conviction might be obtained where, if the charges were considered separately, this would *605 not be the case. Where such an argument is made the court must consider whether the evidence is sufficiently separate and distinct to permit a jury to consider the charges individually, without undue confusion. United States v. Lotsch, 102 F.2d 35 (2 Cir.1939); Dunaway v. United States, 92 U.S. App. D.C. 299, 205 F.2d 23, 27 (1953); Drew v. United States, supra, 331 F.2d at 93; Baker v. United States, supra, 401 F.2d at 975. As to those proofs going to the question of identity, such evidence will be before a jury whether or not separate trials are ordered, and the objection that a jury would cumulate such evidence is therefore moot. Defendant has not offered any other potential evidence which could be said to be likely to mislead or confuse a jury, and I find nothing inherently unclear or indistinct about the charges here. I am therefore confident that the jury can be properly instructed to accord the appropriate weight to evidence admitted under Evid. R. 55, as well as to consider separately each count of the indictment: See, e.g., State v. Cole, supra, 154 N.J. Super. at 142.
The proofs here are distinguishable from those in State v. Orlando, 101 N.J. Super. 390 (App.Div. 1968), certif. den. 52 N.J. 500 (1968). There, defendant was charged with impairing the morals of two different minors on two different occasions, and the only evidence was the testimony of the two victims. The effect of a joinder in that case would have necessarily given the State two witnesses instead of one to overcome defendant's denial of either offense. Here, each charge rests on differing circumstantial evidence, without the cumulative possibilities of Orlando. Accordingly, defendant's motion to sever on this basis must also be denied.
I therefore, conclude that defendant will not be unduly prejudiced by a joinder of the two counts in Indictment S-63-77, and his motion to sever is denied.
NOTES
[1] A motion to dismiss the indictment on the grounds of a lack of jurisdiction was denied on February 14, 1979. State v. Reldan, 166 N.J. Super. 562 (Law Div. 1979).
[2] Similarly, where, although separate crimes are alleged, the offenses in fact constitute a single or continuing occurrence, severance has been denied since no prejudice to defendant exists in cases where multiple trials would merely result in duplicatious cases involving the same proofs. See, e.g., State v. Cook, 47 N.J. 402 (1966); State v. Weiner, 41 N.J. 21 (1963). No allegation has been made that the offenses in the instant indictment constitute a single or continuing transaction.
[3] Drew, as well as the other federal Circuit Court cases discussed infra, discuss joinder and severance in the context of Fed.R.Crim. P. 8(a) and 14. These rules, however, are virtually identical to our own R. 3:7-6 and R. 3:15-2, which are borrowed from the federal rules, and the rationale of the federal cases on this point is thus applicable here. See State v. Baker, supra, 49 N.J. at 105.
[4] Evid. R. 25(d), N.J.S.A. 2A:84A-(d) provides that where a defendant voluntarily testifies in a criminal case, he may be cross-examined on any matter relevant to the issues therein. In light of my resolution of the question of criminal disposition prejudice and other crimes evidence, infra, it is apparent that were defendant to testify as to one count of the indictment, he could be cross-examined on the other. See State v. Sempsey, 141 N.J. Super. 317, 324 (App. Div. 1976), certif. den. 74 N.J. 272, 273 (1977).
[5] No opinion is offered here as to the admissibility of these statements at trial.
[6] It should be noted that all the evidence relating to one offense need not be admissible in a separate trial for the other in order to justify the consolidation for trial of two offenses under the other crimes evidence theory, so long as those portions of the evidence which would be admitted are significant and link the two offenses together. See Baker v. United States, supra, 401 F.2d at 974-975; United States v. Foutz, supra, 540 F. 2d at 736, n. 3.
[7] But compare the facts alleged by the State in this case with those alleged in Tinsley v. United States, supra, 368 A. 2d at 535.