246 N.J. Super. 495 (1991)
587 A.2d 1341
STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL ERIC HASHER, DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided January 31, 1991.
*497 Veronica Galante Nolan for plaintiff (Nicholas L. Bissell, Jr., Prosecutor of Somerset County, attorney).
Lawrence Y. Bitterman for defendant (Bitterman & Buono, attorneys).
IMBRIANI, P.J.Cr.
Defendant was charged with second-degree sexual assault in violation of N.J.S.A. 2C:14-2c for committing an act of sexual penetration upon an adult woman, B.S., by using physical force or coercion. The issue is whether evidence of a sexual assault committed by defendant upon another adult woman six years earlier is admissible under Evid.R. 55. There is no reported opinion on this issue in New Jersey. We conclude it is inadmissible.
Defendant and B.S. were engaged and lived together until they separated in 1987. However, they remained friends and when she asked him to make repairs to her automobile he agreed. On the morning of October 14, 1988, B.S. went to defendant's residence where the repairs were to be made and, as she had done in the past, she admitted herself into his home and went directly to the basement where defendant's bedroom was located. She found him undressed and in bed, so she left to permit him to dress. When she returned she alleges that defendant locked the door to his bedroom, pinned her down on his bed, removed her undergarments, and against her will forcibly had vaginal intercourse with his penis.
Defendant acknowledges being with B.S. on the morning of October 14, 1988 in his bedroom and admits that they had sexual intercourse. However, he contends B.S. consented.
The State seeks to introduce the testimony of a former girlfriend of defendant who would testify that in 1982 she was *498 in defendant's bedroom and, after she refused his sexual advances and terminated their relationship, he locked the door, pinned her down on his bed, removed her undergarments, and unsuccessfully attempted forcible vaginal intercourse. This incident was reported to the police and, for reasons not relevant here, the charge of attempted rape was dismissed and defendant pled guilty to a disorderly persons charge of simple assault.
Initially, it is important to recognize that Evid.R. 55 is a rule of limited admissibility with an underlying policy of excluding evidence of other crimes or civil wrongs to show a disposition on the part of the accused to commit the crime for which he is on trial. State v. Weeks, 107 N.J. 396, 407, 526 A.2d 1077 (1987). In other words, Evid.R. 55 seeks to avoid affixing a "bad man" label upon defendant as a result of the commission of a prior criminal offense or civil wrong. The application of Evid.R. 55 requires the court to undertake a two-part analysis. First, the court must ascertain whether the evidence presented is too remote to merit jury consideration. If so, the evidence is inadmissible and there is no need to examine the second part of the analysis. If the evidence is not too remote, the court must next determine the purported reasons for which the evidence is being proffered to ascertain if they justify admitting the evidence.
Although State v. Sands, 76 N.J. 127, 386 A.2d 378 (1978) analyzed the issue of remoteness in a different context (i.e., the use of a prior conviction of crime to affect the credibility of a witness), the principles it enunciated are equally applicable here.
Remoteness cannot ordinarily be determined by the passage of time alone ... The trial court must balance the lapse of time and the nature of the crime to determine whether the relevance with respect to credibility outweighs the prejudicial effect to the defendant. [at 144-145, 386 A.2d 378]
In this case we are dealing with a time lapse of only six years and prior conduct which bears a substantial similarity to the crime now charged against defendant. In our view the probative *499 value of the prior incident is not so diminished under a remoteness analysis as to require its exclusion for that reason alone. Accordingly, we are satisfied that the evidence should not be excluded because it is too remote.
We next address why the evidence is being offered? The reluctance expressed in Evid.R. 55 regarding the admission of prior crimes evidence is not founded upon a policy or belief that such evidence lacks probative value, because frequently such evidence has substantial probative value. Rather, such evidence is excluded because the potential prejudicial impact associated with the evidence outweighs its probative value.
Evidence of past criminal offenses for which defendant was never convicted has traditionally been viewed with distrust. This principle is so strongly ingrained in our law that it is plain error to admit such evidence. State v. Harris, 105 N.J. Super. 319, 252 A.2d 160 (App.Div. 1969). The principal concern is that such evidence will prejudice a jury against the defendant in three possible ways:
First, the jury might conclude that the defendant is a "bad person" who should be convicted regardless of present guilt; or
Second, the jury might convict, not necessarily because the defendant committed the present offense, but because he should not be permitted to go unpunished for an earlier offense for which he was not convicted; or
Third, there is a tendency by some jurors to infer that because a person committed an earlier crime, he probably committed the crime charged. [Note: "Other Crimes Evidence at Trial," 70 Yale L.J. 763 (1961)]
Nonetheless, there has developed a line of cases which hold that evidence of past criminal offenses is admissible in spite of the potential prejudice to defendant. However, the list of permissible uses is limited by Evid.R. 55 to those instances when offered not to prove defendant's disposition to commit a crime, but "to prove some other fact in issue including motive, intent, plan, knowledge, identity, or absence of mistake or accident."
This rule tacitly concedes the grave danger of the wholesale admission of evidence of other crimes and the necessity to restrict its use to a limited number of issues. An analysis of *500 whether the 1982 incident should be admitted must focus on the question of why the State seeks to offer the evidence. Is it to show that defendant is a "bad man"? Or to show that he has a passion to commit illicit sexual acts? Or for some spurious point merely as a pretext to apprise the jury of defendant's past record? The State denies this is its purpose and concedes that the evidence of the 1982 incident is not admissible to prove "plan, knowledge, identity or absence of mistake or accident." However, it contends that this evidence has some probative value to prove either the "motive" or "intent" of defendant. Each possible issue will be analyzed separately.
Motive evidence is that which discloses why defendant committed a criminal offense. Thus, the evidence is admissible to suggest that the reason defendant committed a murder was because the victim was about to testify against him in an unrelated robbery case, State v. Baldwin, 47 N.J. 379, 221 A.2d 199 (1966), cert. den. 385 U.S. 980, 87 S.Ct. 527, 17 L.Ed.2d 442 (1966), or to suggest that the reason defendant-motorist assaulted a police officer was because his driver's license was revoked. State v. Smith, 55 N.J. 476, 262 A.2d 868 (1970), cert. den. 400 U.S. 949, 91 S.Ct. 232, 27 L.Ed.2d 256 (1970).
The common thread which runs through these cases is that when evidence of prior crimes may disclose the reasons why defendant committed the present offense it is admissible to suggest a motive for why he might have committed the present offense. The issue here is whether the incident of 1982 can fairly and logically reveal reasons why defendant committed this offense. Clearly it does not. Consequently, we hold that evidence of the 1982 incident is not admissible under Evid.R. 55.
Intent evidence, on the other hand, is that which discloses the mental intention or purpose of a defendant when he committed a criminal offense. Thus, in a murder case evidence of prior assaults upon the victim is admissible to show an intent to inflict serious bodily injury to kill, State v. Mulero, 51 N.J. *501 224, 238 A.2d 682 (1968); State v. Ramseur, 106 N.J. 123, 266-267, 524 A.2d 188 (1987); State v. Matulewicz, 115 N.J. 191, 557 A.2d 1001 (1989), or in an arson case evidence of prior threats to the landlord if he raised the rent is admissible to show an intent to burn the landlord's building, State v. Schubert, 235 N.J. Super. 212, 561 A.2d 1186 (App.Div. 1989), or in a case of ethnic terrorism, evidence that defendant had earlier placed a foreign substance in the gas tank of the victim's car is admissible to show an intent to harm the victim. State v. Davidson, 225 N.J. Super. 1, 541 A.2d 700 (App.Div. 1988), certif. den. 111 N.J. 594, 546 A.2d 518 (1988).
We are satisfied that evidence of an earlier sexual assault by defendant upon another woman cannot fairly and logically reveal the intent of defendant when the present incident occurred. But there is another reason why the 1982 incident is not admissible.
Several out-of-state authorities contend that the intent of defendant is irrelevant because the issue really is, did the victim consent? One line of cases holds that prior acts of forcible sexual assaults are admissible to prove the intent of defendant to commit a forcible sexual assault. The theory of these cases is two-fold: One group of cases contends that evidence of prior forcible sexual intercourse is admissible to show a common scheme or plan (although these generally involve deviant sexual assaults upon minors) and another group of cases holds that when a defendant raises the defense of consent he necessarily disputes that his intent was to commit a forcible sexual act without the consent of the victim and, consequently, he places his intent in issue. See Rubio v. State, 607 S.W.2d 498 (Tex.Cr.App. 1980); State v. Willis, 370 N.W.2d 193 (S.D. 1985); and State v. Taylor, 735 S.W.2d 412 (Mo. App. 1987).
On the other hand, there is a line of cases which holds such testimony inadmissible on the theory that once a defendant admits that he had sexual relations with the victim, but contends *502 that it was with the consent of the victim, his intent is no longer in issue and the critical issue is what was the intent of the victim. If the victim consented, sexual relations could not have been against her will, no matter what defendant intended. Consequently, these cases hold that when defendant admits that he had sexual relations with the victim, what he said or did in a prior incident of alleged criminal sexual conduct with another person is irrelevant and must be excluded. See Lovely v. United States, 169 F.2d 386 (4 Cir.1948) and People v. Key, 153 Cal. App.3d 888, 203 Cal. Rptr. 144 (1984).
We believe that the latter line of cases is the more persuasive because the thrust of rape or sexual assault laws focuses on whether the act was committed against the will of the victim. If the victim intended to voluntarily have sexual intercourse it would be a non sequitur to also conclude that the intercourse was against her will as the result of force or violence committed by defendant. For this reason we hold that evidence of the 1982 incident is not admissible under Evid.R. 55 to prove the "intent" of defendant.
Finally, even if such evidence is admissible under Evid.R. 55, it should nonetheless be excluded under Evid.R. 4 because its probative value is outweighed in this case by the risk that its admission will necessitate an undue consumption of time. While defendant was initially charged with an indictable offense in 1982, ultimately, he was allowed to plead guilty to a downgraded charge of simple assault. Under these circumstances whether defendant committed sexual assault in 1982 could be determined only if we were to conduct a "mini-trial" of the 1982 incident at this time. Since this would take a considerable amount of time, we believe that whatever probative value the 1982 incident may have would be far outweighed by the substantial time which would be consumed to conduct a mini-trial at this time.